UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTONIO LAVON DOYLE,

Petitioner,

v.

TIMOTHY FILSON, *et al.*,

Respondents.

Case No. 3:00-cv-00101-RCJ-WGC

ORDER

Introduction

    This action is a petition for writ of habeas corpus by Antonio Lavon Doyle, a Nevada prisoner sentenced to death. The case is before the Court with respect to a motion to dismiss filed by the respondents. In that motion, respondents assert that various claims in Doyle's second amended habeas petition are barred by the statute of limitations, unexhausted in state court, procedurally defaulted, and not cognizable in this federal habeas corpus action. Doyle has, in turn, filed a motion for leave to conduct discovery and a motion for an evidentiary hearing. All three motions are fully briefed. The Court will grant the motion to dismiss in part and deny it in part, will deny Doyle's motion for leave to conduct discovery and his motion for evidentiary hearing, and will set a schedule for respondents to file an answer.

<u>Background</u>

In its opinion on Doyle's direct appeal, the Nevada Supreme Court described the factual background of this case as follows:

> On January 16, 1994, the nude body of twenty-year-old Ebony Mason was discovered some twenty-five feet off the roadway in an unimproved desert area of Clark County, Nevada. The woman's body was found lying face down with hands extended overhead to a point on the ground where it appeared some digging had occurred. A four-inch twig protruded from the victim's rectum. Three distinct types of footwear impressions were observed in the area, none of which matched the tread design of a pair of women's athletic shows located on the nearby dirt road. Also observed in the area was a hole containing a broken condom, a condom tip, an open but empty condom package and two small packages of taco sauce.
>
> In the opinion of the medical examiner, Mason died from asphyxia due to strangulation or blunt trauma to the head. The autopsy revealed nine broken ribs, multiple areas of external bruising, contusions, lacerations, abrasions, and a ligature mark on the anterior surface of the neck. Approximately 200 milliliters of fluid blood was found in Mason's chest cavity. Mason's back and chest bore a number patterned contusions consistent with footwear impressions found at the crime scene. Finally, the autopsy revealed severe laceration of the head and subarachnoid hemorrhage (a thin layer of blood surrounding the brain) indicating blunt force trauma to the skull. Laboratory analysis revealed traces of the drug PCP in Mason's system.
>
> Michael Smith, who had been arrested in an unrelated matter, provided the police with the names of those he believed were responsible for the murder. Smith recounted statements made by Doyle regarding a killing to which Doyle claimed to have been a party. According to Smith, he and Doyle had overheard a girl tell some other people about her friend having been killed. At that time, Doyle commented to Smith that "we had to take someone out." Doyle further stated that he, Darrin Anderson, Shawn Atkins, and "Bubba" Atkins were at Anderson's house with a girl and that each had sex with the girl. While they were taking the girl home, she told the men that she was going to report them for rape and jumped from the truck in which they were riding. They were eventually able to coax the girl back into the truck and decided to kill her rather than face possible rape charges. The girl was apparently so inebriated or under the influence of drugs that she was oblivious to the direction the men were travelling. When they arrived at a remote area, the girl was pulled from the truck and choked. Unsuccessful in their attempt to choke her4 to death, the men then beat the girl. Finally, Doyle told Smith, two of the men held the girl down while the other repeatedly dropped a brick on her face until she died.
>
> With information obtained from Smith, the police contacted Darrin Anderson, the owner of a small, yellow pickup truck. According to Anderson, on the night of January 15, 1994, he was present with Doyle at the home of Shawn and "Bubba" Atkins. After arriving, the four left the Atkins residence to attend a nearby party. Anderson returned alone to the Atkins residence a short time later, and the other three returned thereafter in the company of

2

Ebony Mason, who appeared inebriated or under the influence of drugs. Later, Mason asked for a ride home, and Anderson suggested that Doyle use Anderson's truck. At approximately 10:30 p.m., Doyle left with Mason and the Atkins brothers in Anderson's truck. Anderson awoke the next morning to find Doyle and the Atkins brothers asleep at the Atkins residence. When police later searched Anderson's truck, they found a pair of blood-stained white socks between the seats.

Further information led investigators to contact Mark Wattley, another of Doyle's friends. Wattley was present during a conversation where Doyle made statements describing how Shawn Atkins was unable to subdue Mason and how "Bubba" Atkins intervened "and hit her with a head punch and dropped her." Thereafter, Doyle told Wattley that he (Doyle) began kicking Mason in the head. Eventually, one of the men grabbed a brick or rock and hit the girl in the head. At one point in the conversation, Doyle demonstrated how he (Doyle) jumped in the air and caused both of his feet to come down on Mason during the beating.

The police investigation eventually led to the execution of a search warrant at Doyle's residence. During the search, the police impounded a pair of Adidas athletic shoes with soles that apparently matched treadwear impressions found at the crime scene and on Mason's body. Doyle was then placed under arrest. After being advised of his *Miranda* rights, Doyle provided a statement to police explaining that he had been present when Mason was killed but that he did not participate in the killing. Later analysis of the impounded shoes confirmed that the treadwear impressions were consistent with the footwear impressions retrieved from the scene of the crime and observed upon Mason's body.

At trial, Doyle testified that on the night of January 15, 1994, "Bubba" Atkins brought Mason to the Atkins residence. Some time after her arrival, Mason asked for a ride downtown or home. Anderson then instructed Doyle to take Anderson's truck and take Mason home. Doyle testified that Mason wanted to engage in sex with him and the Atkins brothers, so all four drove to Doyle's apartment where each of the men had sex with Mason. Thereafter, the four left Doyle's apartment in Anderson's truck. Mason was riding in the back of the truck, and at some point, the truck stopped at a red light, and Mason jumped out of the truck. The Atkins brothers were eventually able to get Mason back in the truck, and the four proceeded to a deserted area outside Las Vegas.

Doyle further testified that, once stopped, Shawn Atkins hit Mason in the face and a fight ensued. When it appeared that Shawn Atkins was unable to subdue Mason, "Bubba" Atkins came to his aid. Doyle denied any participation in the beating or killing, stating that he had watched from the back of the truck as Shawn and "Bubba" Atkins beat and kicked the girl. Later, while he and Shawn Atkins attempted to push start the truck, Doyle testified that he saw "Bubba" Atkins standing over Mason with a brick raised overhead. "Bubba" Atkins later discarded the brick in a garbage can. According to Doyle, "Bubba" Atkins was wearing the athletic shoes impounded by the police from Doyle's apartment.

Opinion, Exhibit 225, pp. 2-5 (ECF No. 174-7, pp. 29-32).

3

On January 12, 1995, a jury found Doyle guilty of first degree murder, conspiracy to commit murder, first degree kidnapping, and sexual assault. *See* Verdicts, Exhibit 155 (ECF No. 172-11). Following a penalty hearing, the jury voted to impose the death sentence for the murder. *See* Verdict, Exhibit 169 (ECF No. 173-10, p. 13). On May 23, 1995, the trial court sentenced Doyle to death for the murder. *See* Judgment of Conviction, Exhibit 157 (ECF No. 173-2). Additionally, the court sentenced Doyle to six years in prison for the conspiracy to commit murder, life in prison with the possibility of parole for the kidnapping, and life in prison with the possibility of parole for the sexual assault; the life sentences run consecutively to the death sentence and to one another, and the six-year sentence runs concurrently with the other sentences. *See id.*

Doyle appealed. *See* Appellant's Opening Brief, Exhibit 172 (ECF No. 173-10, pp. 20-64). The Nevada Supreme Court reversed the sexual assault conviction, finding that there was insufficient evidence to show beyond a reasonable doubt that the victim was alive when the sexual assault occurred. *See* Opinion, Exhibit 225, pp. 16-22 (ECF No. 174-7, pp. 43-49). The Nevada Supreme Court affirmed Doyle's convictions of first degree murder, conspiracy to commit murder, and first degree kidnapping, as well as the sentences relative to those convictions. *See id.* The court denied rehearing on June 23, 1997. *See* Order Denying Rehearing, Exhibit 175 (ECF No. 173-10, p. 92).

Doyle then filed a petition for writ of habeas corpus in the state district court on June 26, 1997. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 176 (ECF No. 174, pp. 2-41); Memorandum of Points and Authorities in Support of Petition for Post-Conviction Relief, Exhibit 177 (ECF No. 174, pp. 43-67). The court held an evidentiary hearing. *See* Transcript of Evidentiary Hearing, Respondents' Exhibit 3 (ECF Nos. 209-4, 209-5). The state district court then denied the petition on October 1, 1998. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 181 (ECF No. 74, pp. 94-98). Doyle appealed. *See* Appellant's Opening Brief, Exhibit 182 (ECF No. 174-2, pp. 2-39). The Nevada Supreme Court affirmed on February 3, 2000. *See* Opinion, Exhibit 184

(ECF No. 174-3, pp. 2-18). The Nevada Supreme Court issued its remittitur on April 13, 2000. *See* Remittitur, Respondents' Exhibit 5 (ECF No. 209-7).

Doyle initiated this federal habeas corpus action on February 28, 2000, by submitting a *pro se* petition for writ of habeas corpus for filing (ECF No. 4). The Court appointed counsel for Doyle. *See* Order entered May 2, 2000 (ECF No. 3). Approximately eight years later, on May 14, 2008, following extensive discovery proceedings, Doyle filed a first amended habeas petition (ECF No. 168).

Respondents moved to dismiss the first amended petition, arguing that it contained claims that were unexhausted in state court (ECF No. 208). In response, Doyle moved for a stay, to allow him to exhaust his claims in state court before proceeding with this action (ECF No. 218). On December 18, 2009, the Court granted Doyle's motion, and stayed this action; the Court denied the motion to dismiss as moot (ECF No. 230).

On July 24, 2009, Doyle filed, in the state district court, a second state petition for writ of habeas corpus. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 295 (ECF No. 265-3). On February 14, 2013, the court dismissed the petition, finding it barred by the statute of limitations (NRS § 34.726), and by the laches doctrine (NRS § 34.800). *See* Findings of Fact, Conclusions of Law and Order, Exhibit 300 (ECF No. 266-2). Doyle appealed. *See* Appellant's Opening Brief, Exhibit 301 (ECF No. 266-3). The Nevada Supreme Court affirmed on September 22, 2015. *See* Order of Affirmance, Exhibit 304 (ECF No. 266-6). The court denied rehearing on December 2, 2015. *See* Order Denying Rehearing, Exhibit 306 (ECF No. 266-8). The United States Supreme Court denied certiorari on May 2, 2016. *See Doyle v. Nevada*, 136 S.Ct. 1829 (2016). The Nevada Supreme Court issued its remittitur on May 6, 2016. *See* Remittitur, Exhibit 1 to Motion to Vacate Stay (ECF No. 256-1).

This Court then lifted the stay of this action on June 28, 2016 (ECF No. 258). And, on October 28, 2016, Doyle filed a second amended petition for writ of habeas corpus (ECF No. 265) now the operative petition. Doyle's second amended petition asserts the following claims:

1. "[P]rosecutors excused prospective jurors on the basis of race," in violation of Doyle's federal constitutional rights. Second Amended Petition (ECF No. 265), pp. 11-35.

2. Trial counsel were ineffective, in the penalty phase of the trial, in violation of Doyle's federal constitutional rights, for "failing to investigate and present mitigating evidence." *Id.* at 35-97.

3A. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, "for failing to object to improper victim-impact testimony during the guilt phase of trial." *Id.* at 98-100.

3B. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, "for failing to object to prosecutors' misrepresentation of facts regarding the [Edwards] homicide." *Id.* at 100-06.

3C. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, "for failing to object to prosecutors' use of gender to excuse prospective juror Emma Samuels." *Id.* at 106-08.

3D. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, "for failing to seek exclusion of hearsay statements." *Id.* at 108-10.

3E. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, "for failing to prepare Mr. Doyle for his testimony." *Id.* at 110-11.

3F. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, for failing "to clarify when they could not hear or understand the trial judge." *Id.* at 111.

3G. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, "for failing to move to suppress the evidence recovered as a result of the search warrant." *Id.* at 111-18.

3H. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, "for failing to object to the introduction of a pair of stained pants without any explanatory testimony." *Id.* at 118-20.

3I. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, "for failing to object to prejudicial and multiple enlarged photographs of the victim." *Id.* at 120-21.

3J. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, for failing "to present evidence impeaching Michael Smith's testimony." *Id.* at 121-23.

3K. Trial counsel were ineffective, in violation of Doyle's federal constitutional rights, "for failing to request an instruction for the lesser-included offense of second-degree kidnapping." *Id.* at 123-24.

4. In violation of Doyle's federal constitutional rights, "the prosecutor introduced statements made by Mr. Doyle's codefendant without affording Mr. Doyle the opportunity to cross-examine …." *Id.* at 125-27.

5. Doyle's federal constitutional rights were violated "because of the admission of impermissible and unduly prejudicial victim-impact evidence." *Id.* at 128-37.

6A1. Doyle's federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor improperly argued about mercy." *Id.* at 139.

6A2. Doyle's federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor misled the jury about life with parole sentencing." *Id.* at 140-41.

6A3. Doyle's federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor mislead the jury about mitigation." *Id.* at 141-42.

6A4. Doyle's federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor improperly expressed his opinion about the propriety of the death penalty." *Id.* at 142.

6A5. Doyle's federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor scared the jury into sentencing Mr. Doyle to death." *Id.* at 143.

6A6. Doyle's federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor improperly equated the death penalty with self-defense." *Id.* at 144.

6A7. Doyle's federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor misled the jury about Mr. Doyle's involvement in a drive-by shooting." *Id.* at 144-45.

6A8. Doyle's federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor misrepresented the testimony of Gary and Maria Mason." *Id.* at 145-47.

7. Doyle's federal constitutional rights were violated "because the prosecutors failed to disclose material evidence under *Brady v. Maryland*, and knowingly presented false testimony in violation of *Napue v. Illinois.*" *Id.* at 148-69.

8E1. Doyle's federal constitutional rights were violated because "Mr. Doyle cannot be guilty of both first-degree kidnapping predicated on murder and first-degree murder predicated on kidnapping." *Id.* at 176-79.

8E2. Doyle's federal constitutional rights were violated because "[t]he invalidity of Mr. Doyle's sexual assault conviction invalidates his first-degree kidnapping and first-degree murder convictions." *Id.* at 179-83.

8E3. Doyle's federal constitutional rights were violated because "[t]he Nevada Supreme Court improperly reweighed Mr. Doyle's aggravating and mitigating circumstances after striking the kidnapping aggravating circumstance." *Id.* at 183-87.

7

9A1. Doyle's federal constitutional rights were violated, in the guilt phase of his trial, as a result of improper jury instructions, because "[t]he trial court failed to properly instruct the jury as to the elements of first-degree premeditated and deliberate murder." *Id.* at 188-94.

9A2. Doyle's federal constitutional rights were violated, in the guilt phase of his trial, as a result of improper jury instructions, because "[t]he trial court's reasonable doubt instruction was improper." *Id.* at 194-96.

9A3. Doyle's federal constitutional rights were violated, in the guilt phase of his trial, as a result of improper jury instructions, because "[t]he trial court's malice aforethought instruction was improper." *Id.* at 196-97.

9A4. Doyle's federal constitutional rights were violated, in the guilt phase of his trial, as a result of improper jury instructions, because "[t]he trial court's specific intent instruction was improper." *Id.* at 197-200.

9A5. Doyle's federal constitutional rights were violated, in the guilt phase of his trial, as a result of improper jury instructions, because "[t]he trial court's guilt or innocence instruction was improper." *Id.* at 200-01.

9A6. Doyle's federal constitutional rights were violated, in the guilt phase of his trial, as a result of improper jury instructions, because "[t]he kidnapping instructions reduced the state's burden of proof, allowing the jury to find first-degree kidnapping based merely on second-degree kidnapping." *Id.* at 201-06.

9B1. Doyle's federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court improperly answered the jury's question regarding comparative culpability." *Id.* at 207-09.

9B2. Doyle's federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court improperly failed to give the presumption of life instruction." *Id.* at 209-11.

9B3. Doyle's federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court's reasonable doubt instruction was improper." *Id.* at 211.

9B4. Doyle's federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court's *Edmund* instruction was improper." *Id.* at 211-13.

9B5. Doyle's federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court improperly failed [to] instruct the jury to find mitigating circumstances did not outweigh aggravating circumstances beyond a reasonable doubt." *Id.* at 213-16.

9B6. Doyle's federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court improperly failed to give the jury a form to indicate a finding that mitigating circumstances outweighed aggravating circumstances, creating an unconstitutional presumption of death." *Id.* at 216-21.

9B7. Doyle's federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court's anti-sympathy instruction was unduly prejudicial." *Id.* at 221-22.

10. Doyle's federal constitutional rights were violated as a result of "the trial court's failure to record critical proceedings." *Id.* at 223-25.

11. Doyle's death sentence is invalid, under the federal constitution, because "execution by lethal injection violates the constitutional prohibition against cruel and unusual punishments and his rights under the First and Fourteenth Amendments." *Id.* at 226-53.

12. Doyle's death sentence is invalid, under the federal constitution, "because his death sentence is the product of purposeful race discrimination by state officials." *Id.* at 254-57.

13. Doyle's conviction and sentence violate the federal constitution "because Mr. Doyle's capital trial, sentencing, and review on direct appeal were conducted before state judicial officers whose tenure in office was not during good behavior but whose tenure was dependent on popular election." *Id.* at 258-62.

14. Doyle's death sentence is invalid, under the federal constitution, "because the Nevada capital punishment system operates in an arbitrary and capricious manner." *Id.* at 263-71.

15. Doyle's death sentence is invalid, under the federal constitution, "due to the restrictive conditions on Nevada's death row." *Id.* at 272-73.

16. Doyle's death sentence is invalid, under the federal constitution, "due to the jury finding the statutory aggravating circumstances that the murder was committed to avoid or prevent lawful arrest." *Id.* at 274-89.

17A. Doyle's federal constitutional rights were violated because "[t]here was insufficient evidence for the jury to convict Mr. Doyle of conspiracy to commit murder." *Id.* at 290-93.

17B. Doyle's federal constitutional rights were violated because "[t]here was insufficient evidence of first-degree kidnapping." *Id.* at 293-94.

18. Doyle's death sentence is invalid, under the federal constitution, "due to the jury finding the statutory aggravating circumstances that the murder was committed by a person under sentence of imprisonment…." *Id.* at 296-97.

19. Doyle's conviction and death sentence are invalid under the federal constitution "because of the cumulative effect of the errors in this case." *Id.* at 298-301.

Respondents filed their motion to dismiss (ECF No. 277) on March 10, 2017, arguing that various claims in Doyle's second amended habeas petition are barred by the

statute of limitations, unexhausted in state court, procedurally defaulted, and not cognizable in this federal habeas corpus action. Doyle filed an opposition to the motion to dismiss on August 7, 2017 (ECF No. 284). Respondents filed a reply on October 27, 2017 (ECF No. 292).

On August 7, 2017, with his opposition to the motion to dismiss, Doyle filed a motion for discovery (ECF No. 286) and a motion for evidentiary hearing (ECF No. 287). Respondents filed oppositions to those motions on October 27, 2017 (ECF Nos. 293, 294). Doyle filed replies on December 18, 2017 (ECF Nos. 298, 299).

Analysis

Statute of Limitations

Legal Standards

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a statute of limitations applicable to federal habeas corpus petitions; it provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

The petitioner is entitled to statutory tolling of the limitations period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

<u>Expiration of the Limitations Period in this Case</u>

Doyle's judgment of conviction became final on September 22, 1997, which was 90 days after the Nevada Supreme Court denied rehearing on Doyle's direct appeal. *See* Order Denying Rehearing, Exhibit 175 (ECF No. 173-10, p. 92); *see also Clay v. United States*, 537 U.S. 522, 528 n.3 (2003) (conviction final at expiration of 90-day period to seek certiorari following decision of highest state court); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (same).

Doyle timely filed his first state petition for writ of habeas corpus on June 26, 1997, tolling the limitations period before it began to run. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 176 (ECF No. 174, pp. 2-41); *see also* 28 U.S.C. § 2244(d)(2). Doyle's first state habeas action concluded, and the statutory tolling ceased, on April 13, 2000, when the Nevada Supreme Court issued its remittitur after affirming the denial of Doyle's petition. *See* Remittitur, Respondents' Exhibit 5 (ECF No. 209-7). The limitation period for the filing of Doyle's federal habeas petition then began to run.

Doyle submitted his original *pro se* petition (ECF No. 4) for filing, to initiate this case, on February 28, 2000. That petition was unquestionably timely filed.

There was no statutory tolling of the limitations period by virtue of the pendency of this federal habeas corpus action. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (pendency of federal habeas corpus action does not toll AEDPA limitations period). Therefore, absent equitable tolling, the limitations period ran out on April 14, 2001.

Doyle did not file his first amended petition (ECF No. 168) until May 14, 2008, more than seven years after the limitations period ran out. His second amended petition was filed more than eight years after that, on October 28, 2016 (ECF No. 265). Therefore, unless Doyle can show that equitable tolling is warranted, the question of the timeliness of the claims in his second amended petition turns upon whether the claims in that petition relate back to the filing of his timely original petition. In *Mayle v. Felix*, 545 U.S. 644

(2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 664.

### Equitable Tolling

Doyle argues that he is entitled to equitable tolling because he relied upon the Court's scheduling orders in this case. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 4-13.

The AEDPA limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[T]he requirement that extraordinary circumstances stood in [the petitioner's] way suggests that an external force must cause the untimeliness, rather than ... merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." (internal quotations and citations omitted)); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) ("The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness ... and that the extraordinary circumstances made it impossible to file a petition on time." (internal quotations, citations, and alteration omitted)). "The high threshold of extraordinary circumstances is necessary 'lest the exceptions swallow the rule.'" *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011), quoting *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). It is the habeas petitioner's burden to establish that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on

habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate."). Doyle does not show that equitable tolling is warranted.

Doyle argues, essentially, that he is entitled to equitable tolling because he relied upon the Court's scheduling orders in determining when to file his amended petition. *See* Opposition to Motion to Dismiss, pp. 4-13. Instructions from a court do not serve as a basis for equitable tolling unless the court "affirmatively misled" the petitioner. *Ford v. Pliler*, 590 F.3d 782, 786-87 (9th Cir. 2009). There is no showing by Doyle that he was affirmatively misled. The Court's scheduling orders granted leave for Doyle to conduct discovery, set time limits for Doyle to do investigation and conduct discovery, and set time limits for Doyle to file his amended petition; those orders certainly were not extraordinary in any way, and they did not make any statement about, or have any bearing on, the operation of the statute of limitations. Doyle has not made any factual allegation, and he has not proffered any evidence, suggesting otherwise.

Moreover, the United States Supreme Court decided *Mayle* on June 23, 2005, holding that an amended habeas petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle*, 545 U.S. at 650. If Doyle and his counsel were under any misconception about whether new claims in an amended petition would relate back to Doyle's original petition, *Mayle* cleared that up. However, despite the import of *Mayle*, Doyle did not file his first amended habeas petition until May 14, 2008, almost three years after *Mayle* clarified the law regarding the relation back of claims in amended habeas petitions.

Doyle has not shown that any extraordinary circumstance prevented timely filing of his first and second amended habeas petitions. *See Holland*, 560 U.S. at 649. Equitable tolling is not warranted.

<u>Exhaustion of State Court Remedies</u>

<u>Legal Standards</u>

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present that claim to the State's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982), *cert. denied*, 463 U.S. 1212 (1983). To fairly present a federal constitutional claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999), *cert. denied*, 529 U.S. 1009 (2000), citing *Duncan*, 513 U.S. at 365-66.

<u>Nevada Supreme Court's Mandatory Review under NRS § 177.055</u>

With respect to several of his claims – namely, Grounds 5, 6A1, 6A2, 6A3, 6A4, 6A5, 6A6, 6A7, 6A8, 9B1, 9B2, 9B3, 9B4, 9B5, 9B6, 9B7, 12, 14, 16 and 18 – Doyle argues that the Nevada Supreme Court addressed his claims, on his direct appeal, as part of its mandatory review under NRS § 177.055. *See* Opposition to Motion to Dismiss (ECF No. 287), pp. 72-85. NRS § 177.055 requires the Nevada Supreme Court to consider whether the evidence supported the finding of the aggravating circumstances; whether the sentence was imposed under the influence of passion, prejudice, or any other arbitrary factor; and whether the death sentence was excessive. Doyle argues that, by virtue of this provision, the Nevada Supreme Court ruled upon the subject federal constitutional claims in this case.

To show that a claim was exhausted on account of the Nevada Supreme Court's mandatory review under NRS § 177.055, Doyle must show that the claims at issue were "clearly encompassed" within the scope of NRS § 177.055 and "readily apparent" in the record reviewed by the Nevada Supreme Court. *See Comer v. Schriro*, 463 F.3d 934, 954-56 (9th Cir. 2006).

As is discussed further below with respect to the individual claims, the Court determines that the claims at issue – again, Grounds 5, 6A1, 6A2, 6A3, 6A4, 6A5, 6A6, 6A7, 6A8, 9B1, 9B2, 9B3, 9B4, 9B5, 9B6, 9B7, 12, 14, 16 and 18 – were not clearly encompassed within the scope of NRS § 177.055, and Doyle has not shown them to have been "readily apparent" in the record reviewed by the Nevada Supreme Court. The Court finds that these claims were not exhausted on Doyle's direct appeal by virtue of the Nevada Supreme Court's mandatory review under NRS § 177.055.

<u>Anticipatory Default</u>

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate the state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman*, 501 U.S. at 731).

In light of the procedural history of this case, and, in particular, the rulings of the state courts in Doyle's second state habeas action, Doyle's unexhausted claims would be ruled procedurally barred in state court if Doyle were to return to state court to attempt to exhaust those claims. Therefore, the anticipatory default doctrine applies to Doyle's unexhausted claims, and the Court considers those claims to be technically exhausted, but subject to the procedural default doctrine. *See Dickens*, 740 F.3d at 1317; *see also* Motion to Dismiss (ECF No. 277), p. 38 (respondents' argument that anticipatory default doctrine should apply to unexhausted claims); Opposition to Motion to Dismiss (ECF No.

284), pp. 85-88 (Doyle's argument that anticipatory default doctrine should apply to unexhausted claims).

Procedural Default

Legal Standards

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the State's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court

noted that it had previously held, in *Coleman v. Thompson*, 501 U.S. 722, 746-47 (1991), that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The *Martinez* Court, however, "qualif[ied] Coleman by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 8.

<u>The Procedural Default in this Case</u>

On Doyle's direct appeal and the appeal in his first state habeas action, the Nevada Supreme Court addressed his claims on their merits. *See* Opinion, Exhibit 225, pp. 16-22 (ECF No. 174-7, pp. 43-49); Opinion, Exhibit 184 (ECF No. 174-3, pp. 2-18). Therefore, claims asserted by Doyle on his direct appeal and on the appeal in his first state habeas action were not procedurally barred in state court, and are not subject to the procedural default doctrine in this case.

On Doyle's appeal in his second state habeas action, however, the Nevada Supreme Court ruled that his entire petition was untimely under NRS § 34.726, and barred by laches under NRS § 34.800. *See* Order of Affirmance, Exhibit 304 (ECF No. 266-6). Therefore, claims exhausted by Doyle in state court only in his second state habeas action are subject to the procedural default doctrine.

<u>Adequacy of the State Procedural Bars</u>

Doyle argues that the state procedural rules applied to bar his claims in his second state habeas action were not adequate to support application of the procedural default doctrine. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 89-111.

A state procedural rule is "adequate" if it was "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court* (*Bean*), 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted); *see also Ford v. Georgia*, 498 U.S. 411, 424 (1991) (state procedural rule

adequate if "firmly established and regularly followed by the time as of which it is to be applied" (citation and internal quotation marks omitted)); *Lambright v. Stewart*, 241 F.3d 1201, 1203 (9th Cir. 2001).

In *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003), the court of appeals established a burden-shifting test for analyzing adequacy. Under *Bennett*, the State carries the initial burden of pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett*, 322 F.3d at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* If the petitioner meets this burden, "the ultimate burden" of proving the adequacy of the procedural rule rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*; *see also King v. Lamarque*, 464 F.3d 963, 966-67 (9th Cir. 2006).

Here, the respondents meet their initial burden under *Bennett* by asserting that NRS §§ 34.726 and 34.800 constituted independent and adequate state procedural grounds for the Nevada Supreme Court's rulings. *See* Motion to Dismiss (ECF No. 277), pp. 30-31; *see also Bennett*, 322 F.3d at 586. In response, Doyle argues that both NRS § 34.726 and 34.800 were inadequate to support application of the procedural default doctrine. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 93-111.

Regarding NRS § 34.726, the Nevada statute of limitations, the Ninth Circuit Court of Appeals has held that rule to be adequate to support application of the procedural default defense. *See Moran v. McDaniel*, 80 F.3d 1261, 1269-70 (9th Cir. 1996); *see also High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005); *Collier v. Bayer*, 408 F.3d 1279, 1285 (9th Cir. 2005); *Loveland v. Hatcher*, 231 F.3d 640, 642-63 (9th Cir. 2000). The Ninth Circuit Court of Appeals has never ruled NRS § 34.726 to be inadequate. Nevertheless, Doyle argues that NRS § 34.726 is inadequate in his case. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 103-11. The Court finds that Doyle does not show NRS §

34.726 to be other than clear, consistently applied and well-established. The Nevada courts' exercise of discretion in isolated cases does not necessarily render procedural rules inadequate to support the procedural default defense in federal court. *See Walker v. Martin*, 562 U.S. 307, 319-21 (2011) (rule not automatically inadequate "upon a showing of seeming inconsistencies;" state court must be allowed discretion "to avoid the harsh results that sometimes attend consistent application of an unyielding rule"); *see also Beard v. Kindler*, 558 U.S. 53, 60-61 (2009) ("[D]iscretionary rule can be 'firmly established' and 'regularly followed' – even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others."). Doyle has not met his burden under *Bennett*, to assert specific factual allegations demonstrating the inadequacy of the statute of limitations in NRS § 34.726. NRS § 34.726 is adequate to support the procedural default defense asserted by respondents.

Regarding, Nevada's laches rule, codified at NRS § 34.800, the Ninth Circuit has found that procedural rule, too, to be adequate for purposes of the procedural default doctrine. *See Moran*, 80 F.3d at 1270; *see also Ybarra v. McDaniel*, 656 F.3d 984, 990-91 (9th Cir. 2011). Here again, the Ninth Circuit Court of Appeals has never ruled NRS § 34.800 to be inadequate, but Doyle argues that NRS § 34.800 is inadequate in this case. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 93-103. However, again, the exercise of discretion in isolated cases does not necessarily render a procedural rule inadequate to support the procedural default defense in federal court. *See Walker*, 562 U.S. at 319-21; *Beard*, 558 U.S. at 60-61. Doyle has not met his burden under *Bennett*, to assert specific factual allegations demonstrating the inadequacy of the laches rule in NRS § 34.800. NRS § 34.800 is adequate to support the procedural default defense asserted by respondents.

<u>Independence of the State Procedural Bars</u>

Doyle also argues that the state procedural rules applied to bar his claims in state court, in his second state habeas action, were not applied independently of federal law. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 91-93.

19

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with the federal law." *Park v. California*, 202 F.3d 1146, 1152 (2000) (citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). The state procedural rule is "so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" *Id.* (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Doyle relies on a footnote in the Supreme Court's opinion in *Rippo v. Baker*, 137 S.Ct. 905 (2017) (per curiam), and contends that the procedural rules were not applied independently of federal law in this case because the Nevada Supreme Court considered the merits of his claims in determining that he did not show cause and prejudice to overcome the procedural bars. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 92-93. In *Rippo*, the Supreme Court reviewed, and overruled, the Nevada Supreme Court's holding regarding the substantive federal-law claim in the case – a claim of unconstitutional judicial bias. *See Rippo*, 137 S.Ct. at 906-07. In a footnote, the Supreme Court stated:

> The [Nevada Supreme Court] further relied on its bias holding to determine that Rippo had not established cause and prejudice to overcome various state procedural bars. 132 Nev., at ——, 368 P.3d, at 745. Because the court below did not invoke any state-law grounds "independent of the merits of [Rippo's] federal constitutional challenge," we have jurisdiction to review its resolution of federal law. *Foster v. Chatman*, 578 U.S. ——, —— –, 136 S.Ct. 1737, 1746, 195 L.Ed.2d 1 (2016).

*Id.* at 907 n.1. The Supreme Court appears to have seen the Nevada Supreme Court's analysis of the substantive federal claim as antecedent to its ruling regarding the procedural bar. That is not the case here. In this case, the Nevada Supreme Court first identified the procedural bars, and stated that it was "prohibited by statute from addressing the merits" of Doyle's claims absent a showing of good cause for Doyle's long delay in asserting those claims. *See* Order of Affirmance, Exhibit 304, pp. 2-4 (ECF No. 266-6, pp. 3-5). The court then went on to determine that Doyle failed to show cause and prejudice. *See id.* at 4-10 (ECF No. 266-6, pp. 5-11). In this case, the Nevada Supreme

Court's consideration of the merits of the federal claims was not antecedent to the ruling regarding the procedural bars.

The Court determines that the Nevada courts' application of NRS §§ 34.726 and 34.800 to bar Doyle's claims in his second state habeas action was independent of federal law, such as to allow application of the procedural default doctrine in this case.

Doyle's Claims of Actual Innocence under *Schlup*

Doyle argues that he can overcome the procedural default bars of his claims by a showing of actual innocence. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 134-41.

A habeas petitioner can overcome a procedural default, allowing consideration of the defaulted claim on its merits, by showing that he is actually innocent. *See Schlup v. Delo*, 513 U.S. 298 (1995). To demonstrate actual innocence to overcome a procedural bar under *Schlup*, a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 324. By means of that evidence, and in light of all the evidence in the case, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327; *see also id.* at 329 ("a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt"); *House v. Bell*, 547 U.S. 518, 538, quoting *Schlup*, 513 U.S. at 327-28 (regarding evidence to be considered). "Based on this total record, the court must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" *House*, 547 U.S. at 538, quoting *Schlup*, 513 U.S. at 329. "The Court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *House*, 547 U.S. at 538. Meeting this standard "raise[s] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial without the assurance that the trial was untainted by constitutional

error," warranting "a review of the merits of the constitutional claims[.]" *Schlup*, 513 U.S. at 317.

Doyle first points out that the Nevada Supreme Court vacated his sexual assault conviction, undermining one of the three theories of first degree murder relied upon by the prosecution – that the murder was committed in perpetration of a sexual assault. *See* Opposition to Motion to Dismiss (ECF No. 284), p. 135. This, however, does not show Doyle to be factually innocent. There were two other theories of first degree murder advanced by the prosecution: that the murder was committed in perpetration of kidnapping, and that the killing was willful, deliberate and premeditated. There is no showing that Doyle is innocent of murder under either of those theories.

Next, Doyle argues that new evidence impeaching the testimony of three prosecution witnesses shows that he is innocent. *See id.* at 135-37. That, however, is not the sort of new evidence of innocence contemplated by *Schlup*. Such evidence, providing only "a basis for some degree of impeachment of the prosecution's main witnesses ... does not ... fundamentally call into question the reliability of [the] conviction." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002) (en banc). The impeachment evidence proffered by Doyle is not such as to make it more likely than not that no reasonable juror would have found Doyle guilty beyond a reasonable doubt had they seen that evidence.

Doyle also argues that he can show his innocence by means of newly developed evidence suggesting that he is a "follower," and that, in his childhood, he was forced to passively observe violence and abuse against young women. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 137-39. Here too, the Court finds that this evidence does not show Doyle's actual innocence as contemplated in *Schlup.*

Finally, Doyle argues that he can show that he is actually innocent of the death penalty. *See id.* at 139-41. Doyle points out that the Nevada Supreme Court struck one of the aggravating circumstances found by the jury – that the murder was committed by a person engaged in the commission of or an attempt to commit a kidnapping. Doyle argues that the other two aggravating circumstances found by the jury – that the murder

was committed by a person under sentence of imprisonment, and that the murder was committed to avoid or prevent a lawful arrest – are unconstitutionally vague. Doyle also argues that new mitigating evidence would outweigh the two remaining aggravating circumstances. This is not new evidence of factual innocence, as contemplated by *Schlup*.

Doyle requests an evidentiary hearing with respect to his claim of actual innocence under *Schlup. See* Motion for Evidentiary Hearing (ECF No. 287), pp. 6-7. The Court finds that an evidentiary hearing on this issue is unnecessary. Viewing the evidence proffered by Doyle in support of his arguments under *Schlup* in the light most favorable to Doyle, the Court determines that Doyle falls far short of making the required showing to overcome his procedural defaults.

Cognizability and Ripeness of Claims

In their motion to dismiss, respondents make arguments that certain of Doyle's claims are not ripe or cognizable, such that relief may be granted upon them in this federal habeas corpus action. *See* Motion to Dismiss (ECF No. 277), pp. 39-40. The Court determines that those arguments will be better addressed – with respect to the claims remaining after this motion to dismiss is resolved – after respondents file an answer and Doyle files a reply. The Court declines to address these arguments at this time. This order is without prejudice to respondents reasserting these arguments in their answer.

Analysis of Individual Claims

Ground 1

In Ground 1 of his second amended habeas petition, Doyle claims that "prosecutors excused prospective jurors on the basis of race," in violation of his federal constitutional rights. Second Amended Petition (ECF No. 265), pp. 11-35.

Respondents do not argue that Ground 1 is barred by the statute of limitations. *See* Motion to Dismiss (ECF No. 277). Ground 1 of Doyle's second amended petition arises from the same core of operative facts as Ground 1 of his original petition, and it

therefore relates back to the filing of the original petition. *See* Petition for Writ of Habeas Corpus (ECF No. 4), p. 3. Ground 1 is not barred by the statute of limitations.

Nor do respondents argue that the due process and equal protection claims in Ground 1 are unexhausted or procedurally defaulted. *See* Motion to Dismiss (ECF No. 277), pp. 29, 31-33.

Respondents do, however, argue that the ineffective assistance of counsel claims in Ground 1 are unexhausted in state court. *See id.* at 32-33. Doyle responds, arguing that he did raise the ineffective assistance of counsel portions of Ground 1 in his second state habeas action, and the Nevada courts declined to rule on them in that action, on the ground of law of the case, meaning that the ineffective assistance of counsel claims must have been asserted and ruled upon on their merits previously in state court (though Doyle does not point to any previous state-court proceeding in which they were actually asserted). *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 61-64. To support his argument that he raised these ineffective assistance of counsel claims in his second state habeas action, Doyle points only to the heading of Claim 1 in his petition in that action, which stated:

> Mr. Doyle's conviction and death sentence are invalid under the state and federal constitutional guarantees of due process, equal protection, effective assistance of counsel, an impartial jury, and a reliable sentencing determination because prosecutors excused prospective jurors on the basis of race. The Nevada Supreme Court violated procedural due process in its review of this claim. U.S. Const. amends. VI, XIII & XIV; Nev. Const. art. I, §§ 1, 8, art. IV, § 21.

Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 295, p. 19 (ECF No. 265-3, p. 20). That, however, is the only reference to ineffective assistance of counsel in Claim 1 of Doyle's petition in his second state habeas action. There are no factual allegations supporting any such claims. In contrast, in Ground 1 of his second amended petition in this case, Doyle included the following:

> 3.    Insofar as prior counsel failed to conduct a thorough comparative juror analysis, counsel were ineffective.
>
> Both trial and appellate counsel had an obligation to raise non-frivolous objections and provide arguments in support thereof. *See Evitts v.*

*Lucey*, 469 U.S. 387, 396 (1985); *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *see also* 1989 ABA Guidelines, Guideline 11.7.2, 11.7.3. Here, trial counsel raised a *Batson*, objection, and argued the objection on appeal, however, counsel failed to conduct a thorough comparative juror analysis. *Compare* Claim One *with* ECF No. 173-10 at 41-47. This was deficient. And, had counsel acted deficiently, the result of Mr. Doyle's state proceedings would have been different because error under *Batson* is structural, requiring a new trial. *See Batson*, 476 U.S. at 100.

Second Amended Petition (ECF No. 265), p. 34. Those allegations do not appear in the petition filed in Doyle's second state habeas action. There were no facts asserted in Claim 1 of that petition to substantiate any ineffective assistance of counsel claim. The same was true in Doyle's briefing on the appeal in that action. In fact, on the appeal in Doyle's second state habeas action, Doyle stated in his opening brief: "Trial counsel did everything possible to prevent a *Batson* violation." Appellant's Opening Brief, Exhibit 301, p. 7 (ECF No. 266-3, p. 29). Doyle did not fairly present the factual bases for the ineffective assistance of counsel claims in Ground 1 to the state supreme court, in his second state habeas action, such as to give that court an opportunity to rule on such claims. The ineffective assistance of counsel claims in Ground 1 are unexhausted.

As is discussed above, the anticipatory default doctrine applies, and the Court considers the claims of ineffective assistance of counsel in Ground 1 to be technically exhausted, but procedurally defaulted.

Inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of a claim of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9. This rule may provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 1. However, this issue is intertwined with the merits of Ground 1, such that it will be better addressed in conjunction with the merits of the claim. The Court will, therefore, deny respondents' motion to dismiss with respect to the ineffective assistance of trial counsel claim in Ground 1, without prejudice to respondents asserting the anticipatory procedural default defense to that claim in their answer.

*Martinez* does not apply to claims of ineffective assistance of appellate counsel, however. *See Davila v. Davis*, 137 S. Ct. 2058, 2062–2063, 2065-66 (2017). Doyle does

not make any argument, specific to the claim of ineffective assistance of appellate counsel in Ground 1, that he can overcome the anticipatory procedural default of that claim.

Therefore, the claim of ineffective assistance of appellate counsel in Ground 1 will be dismissed as procedurally defaulted; respondents' motion to dismiss will be denied with respect to the remainder of Ground 1.

<u>Ground 2</u>

In Ground 2 of his second amended petition, Doyle claims that his trial counsel were ineffective, in the penalty phase of his trial, in violation of his federal constitutional rights, for "failing to investigate and present mitigating evidence." Second Amended Petition (ECF No. 265), pp. 35-97.

Respondents argue that Ground 2 is barred by the statute of limitations. There is no claim in Doyle's original petition arising from the same operative facts, so Ground 2 does not relate back to the filing of Doyle's original petition. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Doyle argues, however, that Ground 2 is timely because the factual predicate of the claim could not previously "have been discovered through the exercise of due diligence." *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 14-19; *see also* 28 U.S.C. § 2244(d)(1)(D). The Court finds Doyle's argument in this regard to be without merit. The mitigating evidence that Doyle faults his trial counsel for not investigating and presenting at trial concerns events that occurred in Doyle's childhood. There is no reason shown by Doyle why it necessarily took him eight years to formulate and plead this claim in this case. 28 U.S.C. § 2244(d)(1)(D) does not save Ground 2 from the operation of the statute of limitations. Ground 2 is barred by the statute of limitations.

Respondents also argue that Ground 2 is procedurally defaulted. However, as this is a claim of ineffective assistance of trial counsel, Doyle could possibly show cause and prejudice to overcome the procedural default, on account of ineffective assistance of counsel in his first state habeas action. *See Martinez*, 566 U.S. at 9. That issue, however, is intertwined with the question of the merits of the claim, which has not yet been fully

briefed. Therefore, the Court does not reach the question whether this claim is barred by the procedural default doctrine.

Ground 2 will be dismissed as barred by the statute of limitations.

Ground 3A

In Ground 3A of his second amended petition, Doyle claims that his trial counsel were ineffective, in violation of his federal constitutional rights, "for failing to object to improper victim-impact testimony during the guilt phase of trial." Second Amended Petition (ECF No. 265), pp. 98-100.

Respondents argue that Ground 3A is barred by the statute of limitations. Doyle makes no argument that Ground 3A relates back to his original petition, or that it is otherwise timely. There is no claim in Doyle's original petition that arises from the same core of operative facts. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 3A does not relate back to the filing of Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 3A is procedurally defaulted. However, as this is a claim of ineffective assistance of trial counsel, Doyle could possibly show cause and prejudice to overcome the procedural default, on account of ineffective assistance of counsel in his first state habeas action. *See Martinez*, 566 U.S. at 9. That issue, however, is intertwined with the question of the merits of the claim, which has not yet been fully briefed. Therefore, the Court does not reach the question whether this claim is barred by the procedural default doctrine.

Ground 3A will be dismissed as barred by the statute of limitations.

Ground 3B

In Ground 3B of his second amended petition, Doyle claims that his trial counsel were ineffective, in violation of his federal constitutional rights, "for failing to object to prosecutors' misrepresentation of facts regarding the [Edwards] homicide." Second Amended Petition (ECF No. 265), pp. 100-06.

Respondents argue that Ground 3B is barred by the statute of limitations. There is no claim in Doyle's original petition that arises from the same core of operative facts. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 3B does not relate back to the filing of Doyle's original petition. Doyle argues, however, that Ground 3B is timely because the factual predicate of the claim could not previously "have been discovered through the exercise of due diligence." *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 19-22; *see also* 28 U.S.C. § 2244(d)(1)(D). The Court finds Doyle's argument in this regard to be without merit. Doyle argues that he only discovered the factual predicate of this claim in March 2005, when the State produced certain documents in discovery in this case, and in March 2008, when Doyle's sister signed a declaration stating, in essence, that Doyle was not in a gang. With respect to the material received in March 2005, that was more than three years before Doyle filed his first amended petition; Doyle's argument does not account for that three-year delay. And, with respect to Doyle's sister's declaration – and, for that matter, the material received in March 2005, to the extent Doyle claims it revealed that he was not in a gang – surely, Doyle did not need a declaration of his sister, or any discovery from the State, to know whether or not he was in a gang. 28 U.S.C. § 2244(d)(1)(D) does not save Ground 3B from the operation of the statute of limitations. Ground 3B is barred by the statute of limitations.

Respondents also argue that Ground 3B is procedurally defaulted. Doyle argues that he can overcome the procedural default of this claim by showing cause and prejudice on account of the State's suppression of evidence, and also on account of ineffective assistance of counsel in his first state habeas action. *See Martinez*, 566 U.S. at 9. Those issues are intertwined with the question of the merits of the claim, which has not yet been fully briefed. Therefore, the Court does not reach the question whether this claim is barred by the procedural default doctrine.

Ground 3B will be dismissed as barred by the statute of limitations.

Ground 3C

2      In Ground 3C of his second amended petition, Doyle claims that his trial counsel

3  were ineffective, in violation of his federal constitutional rights, "for failing to object to

4  prosecutors' use of gender to excuse prospective juror Emma Samuels." Second

5  Amended Petition (ECF No. 265), pp. 106-08.

6      Respondents argue that Ground 3C does not relate back to Doyle's original

7  petition, and is therefore barred by the statute of limitations. Doyle argues that Ground

8  3C relates back to Ground 1 of his original petition, which is a claim that his constitutional

9  rights were violated because the State used peremptory challenges to remove African-

10  Americans from the jury pool. *See* Opposition to Motion to Dismiss (ECF No. 284), pp.

11  23-24; *see also* Petition for Writ of Habeas Corpus (ECF No. 4), p. 3. The Court finds that

12  Ground 3C does not relate back. Ground 3C of Doyle's second amended petition

13  concerns trial counsel's failure to object to the peremptory strike of the juror as allegedly

14  based on gender; Ground 1 of Doyle's original petition claims the State's peremptory

15  strike of the juror was because she is African-American. The core of operative facts

16  underlying the two claims is different. Ground 3C does not relate back, and it is therefore

17  barred by the statute of limitations.

18      Respondents also argue that Ground 3C is procedurally defaulted. However, as

19  this is a claim of ineffective assistance of trial counsel, Doyle could possibly show cause

20  and prejudice to overcome the procedural default, on account of ineffective assistance of

21  counsel in his first state habeas action. *See Martinez*, 566 U.S. at 9. That issue, however,

22  is intertwined with the question of the merits of the claim, which has not yet been fully

23  briefed. Therefore, the Court does not reach the question whether this claim is barred by

24  the procedural default doctrine.

25      Ground 3C will be dismissed as barred by the statute of limitations.

26

27

28

<u>Ground 3D</u>

In Ground 3D of his second amended petition, Doyle claims that his trial counsel were ineffective, in violation of his federal constitutional rights, "for failing to seek exclusion of hearsay statements." Second Amended Petition (ECF No. 265), pp. 108-10.

Respondents argue that Ground 3D is barred by the statute of limitations. Doyle makes no argument that Ground 3D relates back to his original petition, or any other argument that Ground 3D, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 3D. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 3D does not relate back to the filing of Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 3D is procedurally defaulted. However, as this is a claim of ineffective assistance of trial counsel, Doyle could possibly show cause and prejudice to overcome the procedural default, on account of ineffective assistance of counsel in his first state habeas action. *See Martinez*, 566 U.S. at 9. That issue, however, is intertwined with the question of the merits of the claim, which has not yet been fully briefed. Therefore, the Court does not reach the question whether this claim is barred by the procedural default doctrine.

Ground 3D will be dismissed as barred by the statute of limitations.

<u>Ground 3E</u>

In Ground 3E of his second amended petition, Doyle claims that his trial counsel were ineffective, in violation of his federal constitutional rights, "for failing to prepare Mr. Doyle for his testimony." Second Amended Petition (ECF No. 265), pp. 110-11.

Respondents argue that Ground 3E is barred by the statute of limitations. Doyle, however, argues that such a claim was incorporated into his original petition, and, therefore, Ground 3E relates back to the filing of the original petition. On page 10 of his *pro se* original petition, Doyle stated:

> Petitioner is informed and believes that numerous additional meritorious claims exist under the Fifth, Sixth, Eighth, and Fourteenth Amendments that would demonstrate the invalidity of his conviction and

sentencing under the federal constitution. Such additional claims were not raised in direct appeal or state post-conviction proceedings, due to the ineffective assistance and/or conflicts of interest of previous counsel, and/or the concealment of evidence by State actors. A list of potential claims that Petitioner drew to the attention of post-conviction habeas counsel, but which previous counsel ignored, is attached to this petition. Petitioner will seek to amend this petition to include any actual constitutional claims, pursuant to *McClesky v. Zant*, 499 U.S. 467 (1991), after counsel has been appointed in this case and has conducted litigation necessary to file such a petition. *See McFarland v. Scott*, 512 U.S. 849, 855-856 (1994).

Petition for Writ of Habeas Corpus, p. 10 (ECF No. 4, p. 10). Attached to the original petition are documents, including an April 7, 1999, letter from Doyle to his state post-conviction counsel, listing claims that Doyle apparently wanted his state post-conviction counsel to assert. *See* Petition for Writ of Habeas Corpus (ECF No. 4, pp. 54-61). The Court construes Doyle's *pro se* original petition liberally in determining what claims it asserted. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010)*; Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). The Court determines that the additional claims listed in the documents attached to Doyle's original petition (ECF No. 4, pp. 54-61) were included in the original petition for purposes of the *Mayle* relation back analysis. One of those claims was that: "Counsel failed to prepare me to take the stand prior to calling me to the stand." Petition for Writ of Habeas Corpus (ECF No. 4, p. 54). Ground 3E relates back to that claim in his original petition, and, consequently, is not barred by the statute of limitations.

Respondents also argue that Ground 3E is procedurally defaulted. However, as this is a claim of ineffective assistance of trial counsel, Doyle can possibly show cause and prejudice to overcome the procedural default, on account of ineffective assistance of counsel in his first state habeas action. *See Martinez*, 566 U.S. at 9. That issue, however, is intertwined with the question of the merits of the claim, which has not yet been fully briefed.

The Court will, therefore, deny respondents' motion to dismiss, with respect to Ground 3E, without prejudice to respondents raising the procedural default defense in their answer.

Ground 3F

In Ground 3F of his second amended habeas petition, Doyle claims that his trial counsel were ineffective, in violation of his federal constitutional rights, for failing "to clarify when they could not hear or understand the trial judge." Second Amended Petition (ECF No. 265), p. 111.

Respondents argue that Ground 3F is barred by the statute of limitations. Doyle makes no argument that Ground 3F relates back to his original petition, or any other argument that Ground 3F, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 3F. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 3F does not relate back to the filing of Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 3F is procedurally defaulted. However, as this is a claim of ineffective assistance of trial counsel, Doyle could possibly show cause and prejudice to overcome the procedural default, on account of ineffective assistance of counsel in his first state habeas action. *See Martinez*, 566 U.S. at 9. That issue, however, is intertwined with the question of the merits of the claim, which has not yet been fully briefed. Therefore, the Court does not reach the question whether this claim is barred by the procedural default doctrine.

Ground 3F will be dismissed as barred by the statute of limitations.

Ground 3G

In Ground 3G of his second amended petition, Doyle claims that his trial counsel were ineffective, in violation of his federal constitutional rights, "for failing to move to suppress the evidence recovered as a result of the search warrant." Second Amended Petition (ECF No. 265), pp. 111-18.

Respondents do not argue that Ground 3G is barred by the statute of limitations. *See* Motion to Dismiss (ECF No. 277), p. 21. Ground 3G of Doyle's second amended petition arises from the same core of operative facts as Ground 5(2) of his original petition,

and it therefore relates back to the filing of the original petition. *See* Petition for Writ of Habeas Corpus (ECF No. 4), p. 8. Ground 3G is not barred by the statute of limitations.

Nor do respondents argue that Ground 3G is unexhausted or barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), p. 31.

Respondents' motion to dismiss will be denied with respect to Ground 3G.

Ground 3H

In Ground 3H of his second amended petition, Doyle claims that his trial counsel were ineffective, in violation of his federal constitutional rights, "for failing to object to the introduction of a pair of stained pants without any explanatory testimony." Second Amended Petition (ECF No. 265), pp. 118-20.

Respondents do not argue that Ground 3H is barred by the statute of limitations. *See* Motion to Dismiss (ECF No. 277), p. 21. Ground 3H of Doyle's second amended petition arises from the same core of operative facts as Ground 5(3) of his original petition, and it therefore relates back to the filing of the original petition. *See* Petition for Writ of Habeas Corpus (ECF No. 4), p. 8. Ground 3H is not barred by the statute of limitations.

Nor do respondents argue that Ground 3H is unexhausted or barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), p. 31.

Respondents' motion to dismiss will be denied with respect to Ground 3H.

Ground 3I

In Ground 3I of his second amended petition, Doyle claims that his trial counsel were ineffective, in violation of his federal constitutional rights, "for failing to object to prejudicial and multiple enlarged photographs of the victim." Second Amended Petition (ECF No. 265), pp. 120-21.

Respondents do not argue that Ground 3I is barred by the statute of limitations. *See* Motion to Dismiss (ECF No. 277), p. 21. Ground 3I of Doyle's second amended petition arises from the same core of operative facts as Ground 5(4) of his original petition, and it therefore relates back to the filing of the original petition. *See* Petition for Writ of Habeas Corpus (ECF No. 4), p. 8. Ground 3I is not barred by the statute of limitations.

Nor do respondents argue that Ground 3I is unexhausted or barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), p. 31.

Respondents' motion to dismiss will be denied with respect to Ground 3I.

### Ground 3J

In Ground 3J of Doyle's second amended petition, he claims that his trial counsel were ineffective, in violation of his federal constitutional rights, for failing "to present evidence impeaching Michael Smith's testimony." Second Amended Petition (ECF No. 265), pp. 121-23.

Respondents argue that Ground 3J is barred by the statute of limitations. In response, in part, Doyle argues that Ground 3J relates back, because in the supplemental claims in the documents attached to his original petition, Doyle claimed: "Michael Smith told Officer Moviglia and others that he would do anything to get a deal." *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 25-28. That claim shares a common core of operative fact with Ground 3J of Doyle's second amended petition: the alleged unreliability of Michael Smith's testimony. Ground 3J relates back to the filing of Doyle's original petition, and is not barred by the statute of limitations.

Respondents also argue that Ground 3J is unexhausted in state court. *See* Motion to Dismiss (ECF No. 277), pp. 32-33. In response, Doyle argues that he did raise the claim in Ground 3J in his second state habeas action, and the Nevada courts declined to rule on the claim in that action, on the ground of law of the case, meaning that the claim must have been asserted and ruled upon on its merits previously in state court. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 64-66. As support for this argument, Doyle points to passages in his petition in his second state habeas action where he claims ineffective assistance of counsel on account of counsel's failure to conduct a thorough, independent, and complete investigation of easily obtainable impeachment evidence, and he points to passages in other claims in the petition in which the reliability of Michael Smith's testimony is questioned. *See id.* Those allegations, however, did not fairly inform the state courts that Doyle intended to assert a claim like that in Ground 3J. Doyle did not

fairly present the factual bases for the ineffective assistance of counsel claim in Ground 3J to the state courts, in his second state habeas action, such as to give those courts an opportunity to rule on that claim. The ineffective assistance of counsel claim in Ground 3J is unexhausted in state court. As is discussed above, the anticipatory default doctrine applies, and the Court considers the claims of ineffective assistance of counsel in Ground 3J to be technically exhausted, but procedurally defaulted. Inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of a claim of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9. This rule may provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 3J. However, this issue is intertwined with the merits of Ground 3J, such that it will be better addressed in conjunction with the merits of the claim.

The Court will, therefore, deny respondents' motion to dismiss with respect to Ground 3J, without prejudice to respondents asserting the anticipatory procedural default defense to that claim in their answer.

Ground 3K

In Ground 3K of his second amended petition, Doyle claims that his trial counsel were ineffective, in violation of his federal constitutional rights, "for failing to request an instruction for the lesser-included offense of second-degree kidnapping." Second Amended Petition (ECF No. 265), pp. 123-24.

Respondents argue that Ground 3K is barred by the statute of limitations. Doyle makes no argument that Ground 3K relates back to his original petition, or any other argument that Ground 3K, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 3K. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 3K does not relate back to the filing of Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 3K is unexhausted in state court. *See* Motion to Dismiss (ECF No. 277), p. 33. Doyle makes no responsive argument that Ground 3K

is exhausted; instead, Doyle concedes that Ground 3K was not presented in state court. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 85-88. As is discussed above, the anticipatory default doctrine applies, and the Court considers the claims of ineffective assistance of counsel in Ground 3K to be technically exhausted, but procedurally defaulted. Inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of a claim of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9. This rule may provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 3J. However, this issue is intertwined with the merits of Ground 3J, such that it will be better addressed in conjunction with the merits of the claim. Therefore, the Court does not reach the question whether this claim is barred by the procedural default doctrine.

Ground 3K will be dismissed as barred by the statute of limitations.

<u>Ground 4</u>

In Ground 4 of his second amended habeas petition, Doyle claims that his federal constitutional rights were violated because "the prosecutor introduced statements made by Mr. Doyle's codefendant without affording Mr. Doyle the opportunity to cross-examine …." Second Amended Petition (ECF No. 265), pp. 125-27.

Respondents argue that Ground 4 is barred by the statute of limitations. Doyle makes no argument that Ground 4 relates back to his original petition, or any other argument that Ground 4, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 4. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 4 does not relate back to the filing of Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 4 is procedurally defaulted. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. With respect to part of Ground 4 – all except the claim of ineffective assistance of trial counsel – Doyle offers no argument, specific to Ground 4, to overcome the procedural default. With respect to the claim of ineffective assistance of trial counsel in Ground 4, inadequate assistance of counsel in a first state habeas action

may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 4. However, this issue is intertwined with the question of the merits of Ground 4, and the briefing of the merits of the claim is not complete. Therefore, the Court does not reach the question of the procedural default of the ineffective assistance of trial counsel claim in Ground 4.

All of Ground 4, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 4 will be dismissed as barred by the statute of limitations.

Ground 5

In Ground 5 of his second amended petition, Doyle claims that his federal constitutional rights were violated "because of the admission of impermissible and unduly prejudicial victim-impact evidence." Second Amended Petition (ECF No. 265), pp. 128-37.

Respondents argue that Ground 5 is barred by the statute of limitations. Doyle makes no argument that Ground 5 relates back to his original petition, or any other argument that Ground 5, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 5. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 5 does not relate back to the filing of Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 5 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle responds, arguing that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 287), pp. 80-81. Specifically, Doyle points out that, under NRS § 177.055, the Nevada Supreme Court was required to determine whether the death sentence was "imposed under the influence of passion, prejudice or

37

any arbitrary factor." *See id.* The Court determines, however, that Doyle has not shown that the claim at issue here was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 5 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and, as a result, is procedurally defaulted.

Ground 5 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 6A1

In Ground 6A1 of his second amended petition, Doyle claims that his federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor improperly argued about mercy." Second Amended Petition (ECF No. 265), p. 139.

Respondents argue that Ground 6A1 is barred by the statute of limitations. Doyle makes no argument that Ground 6A1 relates back to his original petition, or any other argument that Ground 6A1, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 6A1. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 6A1 does not relate back to the filing of Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 6A1 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 6A1 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. With respect to the claim of ineffective assistance of trial counsel in Ground 6A1, inadequate assistance of

counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 6A1. However, this issue is intertwined with the question of the merits of Ground 6A1, and the briefing of the merits of the claim is not complete. Therefore, the Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 6A1.

All of Ground 6A1, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 6A1 will be dismissed as barred by the statute of limitations.

Ground 6A2

In Ground 6A2 of his second amended petition, Doyle claims that his federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor misled the jury about life with parole sentencing." Second Amended Petition (ECF No. 265), pp. 140-41.

Respondents argue that Ground 6A2 is barred by the statute of limitations. Doyle makes no argument that Ground 6A2 relates back to his original petition, or any other argument that Ground 6A2, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 6A2. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 6A2 does not relate back to the filing of Doyle's original petition. Ground 6A2 is barred by the statute of limitations.

Respondents also argue that Ground 6A2 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the

scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 6A2 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. Therefore, part of Ground 6A2 – all except the claim of ineffective assistance of trial counsel – is subject to dismissal as procedurally defaulted. With respect to the claim of ineffective assistance of trial counsel in Ground 6A2, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 6A2. However, that issue is intertwined with the question of the merits of Ground 6A2, and the briefing of the merits of the claim is not complete. Therefore, the Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 6A2.

All of Ground 6A2, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 6A2 will be dismissed as barred by the statute of limitations.

Ground 6A3

In Ground 6A3 of his second amended petition, Doyle claims that his federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor mislead the jury about mitigation." Second Amended Petition (ECF No. 265), pp. 141-42.

Respondents argue that Ground 6A3 is barred by the statute of limitations. Doyle makes no argument that Ground 6A3 relates back to his original petition, or any other argument that Ground 6A3, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 6A3. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 6A3 does not relate back to the filing of Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 6A3 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 6A3 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. Therefore, part of Ground 6A3 – all except the claim of ineffective assistance of trial counsel – is subject to dismissal as procedurally defaulted. With respect to the claim of ineffective assistance of trial counsel in Ground 6A3, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 6A3. However, that issue is intertwined with the question of the merits of Ground 6A3, and the briefing of the merits of the claim is not complete. Therefore, the Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 6A3.

All of Ground 6A3, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 6A3 will be dismissed as barred by the statute of limitations.

Ground 6A4

In Ground 6A4 of his second amended petition, Doyle claims that his federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor improperly expressed his opinion about the propriety of the death penalty." Second Amended Petition (ECF No. 265), p. 142.

Respondents argue that Ground 6A4 is barred by the statute of limitations. Doyle makes no argument that Ground 6A4 relates back to his original petition, or any other argument that Ground 6A4, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 6A4. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 6A4 does not relate back to the filing of Doyle's original petition. Ground 6A4 is barred by the statute of limitations.

Respondents also argue that Ground 6A4 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 6A4 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. Therefore, part of Ground 6A4 – all except the claim of ineffective assistance of trial counsel – is subject to dismissal as procedurally defaulted. With respect to the claim of ineffective assistance of trial counsel in Ground 6A4, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 6A4. However, that issue is intertwined with the question of the merits of Ground 6A4, and the briefing of the merits of the claim is not complete. Therefore, the Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 6A4.

All of Ground 6A4, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 6A4 will be dismissed as barred by the statute of limitations.

Ground 6A5

In Ground 6A5 of his second amended petition, Doyle claims that his federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor scared the jury into sentencing Mr. Doyle to death." Second Amended Petition (ECF No. 265), p. 143.

Respondents argue that Ground 6A5 is barred by the statute of limitations. Doyle makes no argument that Ground 6A5 relates back to his original petition, or any other argument that Ground 6A5, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 6A5. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 6A5 does not relate back to the filing of Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 6A5 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 6A5 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. Therefore, part of Ground 6A5 – all except the claim of ineffective assistance of trial counsel – is subject to dismissal as procedurally defaulted. With respect to the claim of ineffective assistance of trial counsel in Ground 6A5, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 6A5. However, that issue is intertwined with the question of the merits of Ground 6A5, and the briefing of the merits

of the claim is not complete. Therefore, the Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 6A5.

All of Ground 6A5, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 6A5 will be dismissed as barred by the statute of limitations.

Ground 6A6

In Ground 6A6 of his second amended petition, Doyle claims that his federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor improperly equated the death penalty with self-defense." Second Amended Petition (ECF No. 265), p. 144.

Respondents argue that Ground 6A6 is barred by the statute of limitations. Doyle makes no argument that Ground 6A6 relates back to his original petition, or any other argument that Ground 6A6, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 6A6. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 6A6 does not relate back to the filing of Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 6A6 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 6A6 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. Therefore, part of Ground 6A6 – all except the claim of ineffective assistance of trial counsel – is subject to dismissal as procedurally defaulted. With respect to the claim of ineffective assistance of

trial counsel in Ground 6A6, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 6A6. However, that issue is intertwined with the question of the merits of Ground 6A6, and the briefing of the merits of the claim is not complete. Therefore, the Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 6A6.

All of Ground 6A6, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 6A6 will be dismissed as barred by the statute of limitations.

Ground 6A7

In Ground 6A7 of his second amended petition, Doyle claims that his federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor misled the jury about Mr. Doyle's involvement in a drive-by shooting." Second Amended Petition (ECF No. 265), pp. 144-45.

Respondents argue that Ground 6A7 is barred by the statute of limitations. There is no claim in Doyle's original petition that arises from the same core of operative facts. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 6A7 does not relate back to the filing of Doyle's original petition. Doyle argues, however, that Ground 6A7 is timely because the factual predicate of the claim could not previously "have been discovered through the exercise of due diligence." *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 28-29; *see also* 28 U.S.C. § 2244(d)(1)(D). Doyle's argument is without merit. The point of Ground 6A7 is that the subject argument of the prosecutor was not supported by evidence presented by the prosecution at trial. *See* Second Amended Petition (ECF No. 265), p. 144. The only evidence cited in Ground 6A7, in support of the claim, is trial testimony. The factual predicate of the claim was apparent at trial. 28 U.S.C. §

2244(d)(1)(D) does not save Ground 6A7 from the operation of the statute of limitations. Ground 6A7 is barred by the statute of limitations.

Respondents also argue that Ground 6A7 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 6A7 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. Doyle also argues, however, that he can overcome the procedural default of Ground 6A7 by showing cause and prejudice on account of the State's suppression of evidence, and also, with respect to the claim of ineffective assistance of trial counsel in Ground 6A7, on account of ineffective assistance of counsel in his first state habeas action. *See Martinez*, 566 U.S. at 9; *Strickler v. Greene*, 527 U.S. 263, 282 (1999). Those issues are intertwined with the question of the merits of the claim, which has not yet been fully briefed. Therefore, the Court does not reach the question whether this claim is barred by the procedural default doctrine.

Ground 6A7 will be dismissed as barred by the statute of limitations.

Ground 6A8

In Ground 6A8, Doyle claims that his federal constitutional rights were violated as a result of prosecutorial misconduct because "[t]he prosecutor misrepresented the testimony of Gary and Maria Mason." Second Amended Petition (ECF No. 265), pp. 145-47.

Respondents argue that Ground 6A8 is barred by the statute of limitations. There is no claim in Doyle's original petition that arises from the same core of operative facts. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 6A8 does not relate back to

46

the filing of Doyle's original petition. Doyle argues, however, that Ground 6A8 is timely because the factual predicate of the claim could not previously "have been discovered through the exercise of due diligence." *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 29-31; *see also* 28 U.S.C. § 2244(d)(1)(D). Specifically, Doyle argues that his claim is based on a document – a report of an arrest of Ebony Mason – that he obtained in discovery in this case on February 6, 2008. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 30-31. Doyle included this claim in his first amended petition, which was filed about three months later, on May 14, 2008. *See* First Amended Petition (ECF No. 168), pp. 119-21. There is no indication that Doyle could have discovered this document earlier through the exercise of due diligence. The Court determines that Ground 6A8 was timely asserted in Doyle's first amended petition, and is not barred by the statute of limitations.

Respondents also argue that Ground 6A8 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 6A8 was not exhausted on Doyle's direct appeal, or in his first state habeas action. Therefore, part of Ground 6A8 – all except the claim of ineffective assistance of trial counsel – is subject to dismissal as procedurally defaulted. With respect to the claim of ineffective assistance of trial counsel in Ground 6A8, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 6A8. However, this issue is intertwined with the question of the merits of Ground 6A8, and the briefing of the merits of the claim is not complete.

Therefore, all of Ground 6A8, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by the procedural default doctrine. The Court will deny the motion to dismiss with respect to the ineffective assistance of trial counsel claim in Ground 6A8, without prejudice to respondents asserting the procedural default defense in their answer.

### Ground 7

In Ground 7 of his second amended petition, Doyle claims that his federal constitutional rights were violated "because the prosecutors failed to disclose material evidence under *Brady v. Maryland*, and knowingly presented false testimony in violation of *Napue v. Illinois*. Second Amended Petition (ECF No. 265), pp. 148-69; *see also Brady v. Maryland*, 373 U.S. 83 (1963).

Respondents argue that Ground 7 is barred by the statute of limitations. There is no claim in Doyle's original petition that arises from the same core of operative facts. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 7 does not relate back to the filing of Doyle's original petition. Doyle argues that Ground 7 is timely because the factual predicate of the claim could not previously "have been discovered through the exercise of due diligence." *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 19-22; *see also* 28 U.S.C. § 2244(d)(1)(D). Doyle states that he discovered the factual predicate of the claim through discovery and investigation done in this case between 2000 and 2004. *See* Opposition to Motion to Dismiss (ECF No. 284), p. 33. That, however, was more than three years before Doyle filed his first amended petition; Doyle's argument does not account for that delay. 28 U.S.C. § 2244(d)(1)(D) does not save Ground 7 from the operation of the statute of limitations. Ground 7 is barred by the statute of limitations.

Respondents also argue that Ground 6A8 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle argues that he can overcome the procedural default of Ground 7 by showing cause and prejudice on account of the State's suppression of evidence, and also, with respect to the claim of ineffective assistance of trial counsel in Ground 7, on account of ineffective assistance of counsel in

his first state habeas action. *See Martinez*, 566 U.S. at 9; *Strickler*, 527 U.S. at 282. Those issues, however, are intertwined with the question of the merits of the claim, which has not yet been fully briefed. Therefore, the Court does not reach the question whether this claim is barred by the procedural default doctrine.

Ground 7 will be dismissed as barred by the statute of limitations.

Ground 8E1

In Ground 8E1 of his second amended petition, Doyle claims that his federal constitutional rights were violated because "Mr. Doyle cannot be guilty of both first-degree kidnapping predicated on murder and first-degree murder predicated on kidnapping." Second Amended Petition (ECF No. 265), pp. 176-79.

Respondents argue that Ground 8E1 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 8E1 relates back to his original petition, or any other argument that Ground 8E1, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 8E1. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 8E1 does not relate back to the filing of Doyle's original petition. Ground 8E1 is barred by the statute of limitations.

Respondents also argue that Ground 8E1 is unexhausted in state court. *See* Motion to Dismiss (ECF No. 277), pp. 34-35. In response, Doyle argues that he did raise the claim in Ground 8E1 in his second state habeas action. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 66-68. As support for this argument, Doyle points to passages in Claim 8 of his petition in his second state habeas action, in which he claimed that his federal constitutional rights were violated because the prosecutors used the same acts to support his conviction of murder and to support an aggravating circumstance. *See id.*; Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 295, pp. 145-49 (ECF No. 265-3, pp. 146-50). That claim, however, was different from the claim in Ground 8E1. Doyle did not fairly present the factual or legal bases for the claim in Ground 8E1 to the state courts in his second state habeas action, such as to give those courts an opportunity

to rule on that claim. Ground 8E1 is unexhausted in state court. As is discussed above, the anticipatory default doctrine applies, and the Court considers Ground 8E1 to be technically exhausted, but procedurally defaulted. Doyle does not make any argument, specific to Ground 8E1, that he can overcome the anticipatory procedural default of that claim.

Ground 8E1 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 8E2

In Ground 8E2 of his second amended petition, Doyle claims that his federal constitutional rights were violated because "[t]he invalidity of Mr. Doyle's sexual assault conviction invalidates his first-degree kidnapping and first-degree murder convictions." Second Amended Petition (ECF No. 265), pp. 179-83.

Respondents argue that Ground 8E2 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle argues that Ground 8E2 relates back to his original petition because he attached to his original petition a copy of the Nevada Supreme Court's opinion on his direct appeal, in which that court vacated his sexual assault conviction and "analyzed the connectedness of [his] sexual assault, murder, and kidnapping convictions." Opposition to Motion to Dismiss (ECF No. 284), pp. 35-36. The Court finds this argument to be meritless. There is nothing in Doyle's original petition indicating that any portion of the Nevada Supreme Court's opinion was incorporated into that petition to state a claim. Ground 8E2 does not relate back to Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 8E2 is unexhausted in state court. *See* Motion to Dismiss (ECF No. 277), pp. 34-35. In response, Doyle argues that he raised the claim in Ground 8E2 on his direct appeal. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 68-69. Doyle points out that on his direct appeal, he argued, successfully, that there was insufficient evidence to support the sexual assault conviction, because the victim may have been dead before the sexual assault occurred; however, Doyle does not

show that he argued on his direct appeal that, as a matter of federal constitutional law, invalidating the sexual assault conviction necessarily invalidated his kidnapping and murder convictions. On his direct appeal, Doyle did not fairly present the factual or legal bases for the claim in Ground 8E2 to the Nevada Supreme Court, such as to give that court an opportunity to rule on that claim. Ground 8E2 is unexhausted in state court. As is discussed above, the anticipatory default doctrine applies, and the Court considers Ground 8E2 to be technically exhausted, but procedurally defaulted. Doyle does not make any argument, specific to Ground 8E2, that he can overcome the anticipatory procedural default of that claim.

Ground 8E2 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 8E3

In Ground 8E3 of his second amended petition, Doyle claims that his federal constitutional rights were violated because "[t]he Nevada Supreme Court improperly reweighed Mr. Doyle's aggravating and mitigating circumstances after striking the kidnapping aggravating circumstance." Second Amended Petition (ECF No. 265), pp. 183-87.

Respondents argue that Ground 8E3 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle points out, however, that the factual predicate of this claim only arose when the Nevada Supreme Court ruled on the appeal in his second state habeas action. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 37-38. The Nevada Supreme Court issued that ruling on September 22, 2015, and denied rehearing on December 2, 2015. *See* Order of Affirmance, Exhibit 304 (ECF No. 266-6); Order Denying Rehearing, Exhibit 306 (ECF No. 266-8). After the United States Supreme Court denied certiorari on May 2, 2016, the Nevada Supreme Court issued its remittitur on May 6, 2016. *See Doyle v. Nevada*, 136 S.Ct. 1829 (2016); Remittitur, Exhibit 1 to Motion to Vacate Stay (ECF No. 256-1). Doyle filed his second

amended petition in this action less than six months later, on October 28, 2016. Ground 8E3 is not barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(D).

Respondents also argue that Ground 8E3 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle makes no argument, specific to Ground 8E3, to the contrary. There is no showing that Doyle has ever asserted the claim in Ground 8E3 in the state courts, in a manner such that it was not procedurally barred. And, the Court determines that Ground 8E3 would be procedurally barred if Doyle were to return to state court to present that claim. Therefore, the anticipatory default doctrine applies, and the Court considers this claim to be technically exhausted, but procedurally defaulted. Doyle does not make any argument, specific to Ground 8E3, that he can overcome the procedural default of that claim.

Ground 8E3 will be dismissed as barred by the procedural default doctrine.

Ground 9A1

In Ground 9A1 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the guilt phase of his trial, as a result of improper jury instructions, because "[t]he trial court failed to properly instruct the jury as to the elements of first-degree premeditated and deliberate murder." Second Amended Petition (ECF No. 265), pp. 188-94.

Respondents argue that Ground 9A1 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle argues in response that Ground 9A1 relates back to Ground 3 in his original petition. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 51-53; Petition for Writ of Habeas Corpus (ECF No. 4), p. 5. In reply, respondents would further parse Ground 9A1, and argue that, to the extent it includes consideration of the felony-murder instruction given at Doyle's trial, it does not relate back. The Court disagrees; Ground 9A1, in its entirety, deals with the question of the jury instructions' definition of premeditation, and it relates back to Ground 3 in Doyle's original petition. Ground 9A1 is not barred by the statute of limitations.

1    Respondents do not argue that Ground 9A1 is unexhausted or barred by the

2    procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), p. 31.

3    Respondents' motion to dismiss will be denied with respect to Ground 9A1.

4            Ground 9A2

5    In Ground 9A2 of his second amended petition, Doyle claims that his federal

6    constitutional rights were violated, in the guilt phase of his trial, as a result of improper

7    jury instructions, because "[t]he trial court's reasonable doubt instruction was improper."

8    Second Amended Petition (ECF No. 265), pp. 194-96.

9    Respondents argue that Ground 9A2 is barred by the statute of limitations because

10   it does not relate back to Doyle's original petition. Doyle makes no argument that Ground

11   9A2 relates back to his original petition, or any other argument that Ground 9A2,

12   specifically, is timely. There is no claim in Doyle's original petition that arises from the

13   same core of operative facts as Ground 9A2. *See* Petition for Writ of Habeas Corpus

14   (ECF No. 4). Ground 9A2 does not relate back to the filing of Doyle's original petition.

15   Ground 9A2 is barred by the statute of limitations.

16   Respondents also argue that Ground 9A2 is barred by the procedural default

17   doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle makes no argument,

18   specific to Ground 9A2, to the contrary.

19   Ground 9A2 will be dismissed as barred by both the statute of limitations and the

20   procedural default doctrine.

21           Ground 9A3

22   In Ground 9A3 of his second amended petition, Doyle claims that his federal

23   constitutional rights were violated, in the guilt phase of his trial, as a result of improper

24   jury instructions, because "[t]he trial court's malice aforethought instruction was

25   improper." Second Amended Petition (ECF No. 265), pp. 196-97.

26   It is unclear whether respondents contend, in their motion to dismiss, whether

27   Ground 9A3 is barred by the statute of limitations. *See* Motion to Dismiss (ECF No. 277),

28   p. 26. And, perhaps as a result of that ambiguity, Doyle did not make any argument in his

opposition to the motion to dismiss particular to Ground 9A3. At any rate, the Court determines that Ground 9A3 relates back to Ground 4 of Doyle's original petition, and is not barred by the statute of limitations.

Respondents do not argue that Ground 9A3 is unexhausted or barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), p. 31.

Respondents' motion to dismiss will be denied with respect to Ground 9A3.

Ground 9A4

In Ground 9A4 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the guilt phase of his trial, as a result of improper jury instructions, because "[t]he trial court's specific intent instruction was improper." Second Amended Petition (ECF No. 265), pp. 197-200.

Respondents argue that Ground 9A4 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 9A4 relates back to his original petition, or any other argument that Ground 9A4, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 9A4. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 9A4 does not relate back to the filing of Doyle's original petition. Ground 9A4 is barred by the statute of limitations.

Respondents also argue that Ground 9A4 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle makes no argument, specific to Ground 9A4, to the contrary.

Ground 9A4 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 9A5

In Ground 9A5 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the guilt phase of his trial, as a result of improper jury instructions, because "[t]he trial court's guilt or innocence instruction was improper." Second Amended Petition (ECF No. 265), pp. 200-01.

Respondents argue that Ground 9A5 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 9A5 relates back to his original petition, or any other argument that Ground 9A5, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 9A5. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 9A5 does not relate back to the filing of Doyle's original petition. Ground 9A5 is barred by the statute of limitations.

Respondents argue that Ground 9A5 is procedurally defaulted. *See* Motion to Dismiss (ECF No. 277), p. 31. With respect to all of Ground 9A5, except the claim of ineffective assistance of trial counsel, Doyle offers no argument, specific to Ground 9A5, to overcome the procedural default. With respect to the claim of ineffective assistance of trial counsel in Ground 9A5, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 9A5. However, this issue is intertwined with the question of the merits of Ground 9A5, and the briefing of the merits of the claim is not complete. The Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 9A5.

All of Ground 9A5, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 9A5 will be dismissed as barred by the statute of limitations.

Ground 9A6

In Ground 9A6 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the guilt phase of his trial, as a result of improper jury instructions, because "[t]he kidnapping instructions reduced the state's burden of proof, allowing the jury to find first-degree kidnapping based merely on second-degree kidnapping." Second Amended Petition (ECF No. 265), pp. 201-06.

Respondents argue that Ground 9A6 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 9A6 relates back to his original petition, or any other argument that Ground 9A6, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 9A6. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 9A6 does not relate back to the filing of Doyle's original petition. Ground 9A6 is barred by the statute of limitations.

Respondents also argue that Ground 9A6 is unexhausted in state court. *See* Motion to Dismiss (ECF No. 277), p. 36. Doyle concedes as much. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 85-88. As is discussed above, the anticipatory default doctrine applies, and the Court considers Ground 9A6 to be technically exhausted, but procedurally defaulted. Doyle does not make any argument, specific to Ground 9A6, that he can overcome the anticipatory procedural default of that claim.

Ground 9A6 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 9B1

In Ground 9B1 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court improperly answered the jury's question regarding comparative culpability." Second Amended Petition (ECF No. 265), pp. 207-09.

Respondents argue that Ground 9B1 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 9B1 relates back to his original petition, or any other argument that Ground 9B1, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 9B1. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 9B1 does not relate back to the filing of Doyle's original petition. Ground 9B1 is barred by the statute of limitations.

Respondents also argue that Ground 9B1 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 9B1 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. Doyle makes no other argument, specific to Ground 9B1, that he can overcome the procedural default of that claim.

Ground 9B1 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

### Ground 9B2

In Ground 9B2 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court improperly failed to give the presumption of life instruction." Second Amended Petition (ECF No. 265), pp. 209-11.

Respondents argue that Ground 9B2 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 9B2 relates back to his original petition, or any other argument that Ground 9B2, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 9B2. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 9B2 does not relate back to the filing of Doyle's original petition. Ground 9B2 is barred by the statute of limitations.

Respondents also argue that Ground 9B2 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its

mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 9B2 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. Doyle makes no other argument, specific to Ground 9B2, that he can overcome the procedural default of that claim.

Ground 9B2 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 9B3

In Ground 9B3 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court's reasonable doubt instruction was improper." Second Amended Petition (ECF No. 265), p. 211.

Respondents argue that Ground 9B3 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 9B3 relates back to his original petition, or any other argument that Ground 9B3, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 9B3. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 9B3 does not relate back to the filing of Doyle's original petition. Ground 9B3 is barred by the statute of limitations.

Respondents also argue that Ground 9B3 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the

scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 9B3 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. With respect to all of Ground 9B3, except the claim of ineffective assistance of trial counsel, Doyle offers no argument, specific to Ground 9B3, to overcome the procedural default. With respect to the claim of ineffective assistance of trial counsel in Ground 9B3, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 9B3. However, this issue is intertwined with the question of the merits of Ground 9B3, and the briefing of the merits of the claim is not complete. Therefore, the Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 9B3.

All of Ground 9B3, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 9B3 will be dismissed as barred by the statute of limitations.

### Ground 9B4

In Ground 9B4 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court's *Edmund* instruction was improper." Second Amended Petition (ECF No. 265), pp. 211-13.

Respondents argue that Ground 9B4 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 9B4 relates back to his original petition, or any other argument that Ground 9B4, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 9B4. *See* Petition for Writ of Habeas Corpus

(ECF No. 4). Ground 9B4 does not relate back to the filing of Doyle's original petition. Ground 9B4 is barred by the statute of limitations.

Respondents also argue that Ground 9B4 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. In response, Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 9B4 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. With respect to all of Ground 9B4, except the claim of ineffective assistance of trial counsel, Doyle offers no argument, specific to Ground 9B4, to overcome the procedural default. With respect to the claim of ineffective assistance of trial counsel in Ground 9B4, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 9B4. However, this issue is intertwined with the question of the merits of Ground 9B4, and the briefing of the merits of the claim is not complete. Therefore, the Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 9B4.

All of Ground 9B4, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 9B4 will be dismissed as barred by the statute of limitations.

### Ground 9B5

In Ground 9B5 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper

60

jury instructions, because "[t]he trial court improperly failed [to] instruct the jury to find mitigating circumstances did not outweigh aggravating circumstances beyond a reasonable doubt." Second Amended Petition (ECF No. 265), pp. 213-16.

Respondents argue that Ground 9B5 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 9B5 relates back to his original petition, or any other argument that Ground 9B5, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 9B5. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 9B5 does not relate back to the filing of Doyle's original petition. Ground 9B5 is barred by the statute of limitations.

Respondents also argue that Ground 9B5 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle also argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 9B5 was not exhausted on Doyle's direct appeal, or in his first state habeas action, and is subject to the procedural default doctrine. With respect to all of Ground 9B5, except the claim of ineffective assistance of trial counsel, Doyle offers no argument, specific to Ground 9B5, to overcome the procedural default. With respect to the claim of ineffective assistance of trial counsel in Ground 9B5, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 9B5. However, this issue is intertwined with the question of the merits of Ground 9B5, and the briefing of the merits of the claim is not complete. Therefore, the Court does

not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 9B5.

All of Ground 9B5, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 9B5 will be dismissed as barred by the statute of limitations.

Ground 9B6

In Ground 9B6 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court improperly failed to give the jury a form to indicate a finding that mitigating circumstances outweighed aggravating circumstances, creating an unconstitutional presumption of death." Second Amended Petition (ECF No. 265), pp. 216-21.

Respondents argue that Ground 9B6 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 9B6 relates back to his original petition, or any other argument that Ground 9B6, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 9B6. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 9B6 does not relate back to the filing of Doyle's original petition. Ground 9B6 is barred by the statute of limitations.

Respondents also argue that Ground 9B6 is unexhausted in state court. *See* Motion to Dismiss (ECF No. 277), p. 37. Doyle responds, arguing that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not unexhausted or procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 9B6 was not exhausted on Doyle's direct appeal, or in his first

state habeas action, and is subject to the procedural default doctrine. With respect to all of Ground 9B6, except the claim of ineffective assistance of trial counsel, Doyle offers no argument, specific to Ground 9B6, to overcome the procedural default. With respect to the claim of ineffective assistance of trial counsel in Ground 9B6, inadequate assistance of counsel in a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 9B6. However, this issue is intertwined with the question of the merits of Ground 9B6, and the briefing of the merits of the claim is not complete. Therefore, the Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 9B6.

All of Ground 9B6, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 9B6 will be dismissed as barred by the statute of limitations.

Ground 9B7

In Ground 9B7 of his second amended petition, Doyle claims that his federal constitutional rights were violated, in the penalty phase of his trial, as a result of improper jury instructions, because "[t]he trial court's anti-sympathy instruction was unduly prejudicial." Second Amended Petition (ECF No. 265), pp. 221-22.

Respondents argue that Ground 9B7 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 9B7 relates back to his original petition, or any other argument that Ground 9B7, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 9B7. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 9B7 does not relate back to the filing of Doyle's original petition. Ground 9B7 is barred by the statute of limitations.

Respondents also argue that Ground 9B7 is unexhausted in state court. *See* Motion to Dismiss (ECF No. 277), p. 37. Doyle responds, arguing that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not unexhausted or procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 81-82. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 9B7 has not been presented in state court, but would be procedurally barred if Doyle were to return to state court to present the claim. Therefore, the anticipatory default doctrine applies, and the Court considers this claim to be technically exhausted, but procedurally defaulted. Doyle offers no argument, specific to Ground 9B7, to overcome the procedural default.

Ground 9B7 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 10

In Ground 10 of his second amended petition, Doyle claims that his federal constitutional rights were violated as a result of "the trial court's failure to record critical proceedings." Second Amended Petition (ECF No. 265), pp. 223-25.

Respondents argue that Ground 10 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 10 relates back to his original petition, or any other argument that Ground 10, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 10. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 10 does not relate back to the filing of Doyle's original petition. Ground 10 is barred by the statute of limitations.

Respondents also argue that Ground 10 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. With respect to the claim of ineffective assistance of trial counsel in Ground 10, inadequate assistance of counsel in

a first state habeas action may establish cause for the procedural default of such a claim. *See Martinez*, 566 U.S. at 9. This could provide a means for Doyle to overcome the procedural default of the ineffective assistance of trial counsel claim in Ground 10. However, this issue is intertwined with the question of the merits of Ground 10, and the briefing of the merits of the claim is not complete. The Court does not reach the question of the procedural default of the claim of ineffective assistance of trial counsel in Ground 10.

All of Ground 10, except the claim of ineffective assistance of trial counsel, will be dismissed as barred by both the statute of limitations and the procedural default doctrine. The claim of ineffective assistance of trial counsel in Ground 10 will be dismissed as barred by the statute of limitations.

Ground 11

In Ground 11 of his second amended petition, Doyle claims that his death sentence is invalid, under the federal constitution, because "execution by lethal injection violates the constitutional prohibition against cruel and unusual punishments and his rights under the First and Fourteenth Amendments." Second Amended Petition (ECF No. 265), pp. 226-53.

Respondents argue that Ground 11 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 11 relates back to his original petition, or any other argument that Ground 11, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 11. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 11 does not relate back to the filing of Doyle's original petition. Ground 11 is barred by the statute of limitations.

Respondents also argue that Ground 11 should be dismissed because it is not ripe for review or cognizable in this action. *See* Motion to Dismiss (ECF No. 277), p. 39. The Court declines to address these arguments.

Ground 11 will be dismissed as barred by the statute of limitations.

Ground 12

In Ground 12 of his second amended petition, Doyle claims that his death sentence is invalid, under the federal constitution, "because his death sentence is the product of purposeful race discrimination by state officials." Second Amended Petition (ECF No. 265), pp. 254-57.

Respondents argue that Ground 12 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 12 relates back to his original petition, or any other argument that Ground 12, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 12. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 12 does not relate back to the filing of Doyle's original petition. Ground 12 is barred by the statute of limitations.

Respondents also argue that Ground 12 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle argues, in turn, that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 83-84. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 12 was not exhausted on Doyle's direct appeal, and is procedurally defaulted. Doyle offers no other argument, specific to Ground 12, to overcome the procedural default.

Ground 12 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 13

In Ground 13 of his second amended petition, Doyle claims that his conviction and sentence violate the federal constitution "because Mr. Doyle's capital trial, sentencing, and review on direct appeal were conducted before state judicial officers whose tenure in

66

office was not during good behavior but whose tenure was dependent on popular election." Second Amended Petition (ECF No. 265), pp. 258-62.

Respondents argue that Ground 13 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 13 relates back to his original petition, or any other argument that Ground 13, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 13. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 13 does not relate back to the filing of Doyle's original petition. Ground 13 is barred by the statute of limitations.

Respondents also argue that Ground 13 is barred by the procedural default doctrine. See Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle makes no argument, specific to Ground 13, to the contrary.

Ground 13 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 14

In Ground 14 of his second amended petition, Doyle claims that his death sentence is invalid, under the federal constitution, "because the Nevada capital punishment system operates in an arbitrary and capricious manner." Second Amended Petition (ECF No. 265), pp. 263-71.

Respondents argue that Ground 14 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle responds, arguing first that Ground 14 is based on a constitutional right only recently recognized, in *Hurst v. Florida*, 136 S.Ct. 616 (2016). *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 54-55. However, that argument is belied by a reading of Ground 14; Ground 14 is not based to any significant degree on *Hurst*. Doyle also argues that he could not have discovered the factual predicate for Ground 14 any sooner, and he pursued his rights diligently after *Hurst* was decided and after he discovered the factual predicate of the claim. *See* id. at 55-56. Those arguments, too, are belied by a reading of Ground 14. It is plain that the factual

67

predicate for Ground 14 was discoverable long before 2016 – in fact, Doyle pled a similar claim in his first amended petition in 2008. *See* Amended Petition for Writ of Habeas Corpus (ECF No. 168), pp. 190-92. Finally, Doyle argues that Ground 14 relates back to the filing of his original habeas petition because he attached to that petition a copy of the Nevada Supreme Court's opinion on his direct appeal, in which the Nevada Supreme Court stated that Doyle's death sentence was not imposed "under the influence of … any arbitrary factor." *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 56-57. That argument is without merit; there is nothing in Doyle's original petition indicating that any portion of the Nevada Supreme Court's opinion was incorporated into that petition to state a claim. Ground 14 does not relate back to Doyle's original petition, and is barred by the statute of limitations.

Respondents also argue that Ground 14 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 83-84. The Court determines, however, that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 14 was not exhausted on Doyle's direct appeal, and is procedurally defaulted. Doyle offers no other argument, specific to Ground 14, to overcome the procedural default.

Ground 14 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 15

In Ground 15 of his second amended petition, Doyle claims that his death sentence is invalid, under the federal constitution, "due to the restrictive conditions on Nevada's death row." Second Amended Petition (ECF No. 265), pp. 272-73.

Respondents argue that Ground 15 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 15 relates back to his original petition, or any other argument that Ground 15, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 15. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 15 does not relate back to the filing of Doyle's original petition. Ground 15 is barred by the statute of limitations.

Respondents also argue that Ground 15 is barred by the procedural default doctrine. See Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle makes no argument, specific to Ground 15, to the contrary.

Ground 15 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

<u>Ground 16</u>

In Ground 16 of his second amended petition, Doyle claims that his death sentence is invalid, under the federal constitution, "due to the jury finding the statutory aggravating circumstances that the murder was committed to avoid or prevent lawful arrest." Second Amended Petition (ECF No. 265), pp. 274-89.

Respondents argue that Ground 16 is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle makes no argument that Ground 16 relates back to his original petition, or any other argument that Ground 16, specifically, is timely. There is no claim in Doyle's original petition that arises from the same core of operative facts as Ground 16. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Ground 16 does not relate back to the filing of Doyle's original petition. Ground 16 is barred by the statute of limitations.

Respondents also argue that Ground 16 is barred by the procedural default doctrine. *See* Motion to Dismiss (ECF No. 277), pp. 31-32. Doyle argues that the Nevada Supreme Court addressed this claim, on his direct appeal, as part of its mandatory review under NRS § 177.055, and, therefore, it is not procedurally defaulted. *See* Opposition to

Motion to Dismiss (ECF No. 284), pp. 84-85. Specifically, Doyle points out that the Nevada Supreme Court ruled that the evidence at trial supported the aggravating circumstances found by the jury. *See id.* That issue, considered by the Nevada Supreme Court, was different from the issue raised by the claim in Ground 16. The Court determines that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 16 was not exhausted on Doyle's direct appeal, and is procedurally defaulted. Doyle offers no other argument, specific to Ground 16, to overcome the procedural default.

Ground 16 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 17A

In Ground 17A of his second amended petition, Doyle claims that his federal constitutional rights were violated because "[t]here was insufficient evidence for the jury to convict Mr. Doyle of conspiracy to commit murder." Second Amended Petition (ECF No. 265), pp. 290-93.

Respondents argue that Ground 17A is barred by the statute of limitations because it does not relate back to Doyle's original petition. Doyle responds by pointing to Ground 2 of his original petition, which asserted such a claim. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 57-60; *see also* Petition for Writ of Habeas Corpus (ECF No. 4), p. 4. The Court determines that Ground 17A relates back to Doyle's original petition, and is not barred by the statute of limitations.

Respondents do not contend that Ground 17A is unexhausted or procedurally defaulted.

The Court will deny the motion to dismiss with respect to Ground 17A.

1     <u>Ground 17B</u>

2         In Ground 17B of his second amended petition, Doyle claims that his federal

3 constitutional rights were violated because "[t]here was insufficient evidence of first-

4 degree kidnapping." Second Amended Petition (ECF No. 265), pp. 293-94.

5         Respondents argue that Ground 17B is barred by the statute of limitations because

6 it does not relate back to Doyle's original petition. Doyle responds by pointing to Ground

7 2 of his original petition, which asserted such a claim. *See* Opposition to Motion to Dismiss

8 (ECF No. 284), pp. 57-60; *see also* Petition for Writ of Habeas Corpus (ECF No. 4), p. 4.

9 The Court determines that Ground 17B relates back to Doyle's original petition, and is not

10 barred by the statute of limitations.

11         Respondents do not contend that Ground 17B is unexhausted or procedurally

12 defaulted.

13         The Court will deny the motion to dismiss with respect to Ground 17B.

14     <u>Ground 18</u>

15         In Ground 18 of his second amended petition, Doyle claims that his death sentence

16 is invalid, under the federal constitution, "due to the jury finding the statutory aggravating

17 circumstances that the murder was committed by a person under sentence of

18 imprisonment…." Second Amended Petition (ECF No. 265), pp. 296-97.

19         Respondents argue that Ground 18 is barred by the statute of limitations because

20 it does not relate back to Doyle's original petition. Doyle makes no argument that Ground

21 18 relates back to his original petition, or any other argument that Ground 18, specifically,

22 is timely. There is no claim in Doyle's original petition that arises from the same core of

23 operative facts as Ground 18. *See* Petition for Writ of Habeas Corpus (ECF No. 4).

24 Ground 18 does not relate back to the filing of Doyle's original petition. Ground 18 is

25 barred by the statute of limitations.

26         Respondents also argue that Ground 18 is unexhausted in state court. *See* Motion

27 to Dismiss (ECF No. 277), p. 37. Doyle responds, arguing that the Nevada Supreme Court

28 addressed this claim, on his direct appeal, as part of its mandatory review under NRS §

177.055, and, therefore, it is not unexhausted or procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 284), pp. 84-85. Specifically, Doyle points out that the Nevada Supreme Court ruled that the evidence at trial supported the aggravating circumstances found by the jury. *See id.* That issue, considered by the Nevada Supreme Court, was different from the issue raised by the claim in Ground 18. The Court determines that Doyle has not shown that this claim was "clearly encompassed" within the scope of NRS § 177.055 and readily apparent in the record reviewed by the Nevada Supreme Court. Ground 18 has not been presented in state court, but would be procedurally barred if Doyle were to return to state court to present the claim. Therefore, the anticipatory default doctrine applies, and the Court considers this claim to be technically exhausted, but procedurally defaulted. Doyle offers no argument, specific to Ground 18, to overcome the procedural default.

Ground 18 will be dismissed as barred by both the statute of limitations and the procedural default doctrine.

Ground 19

In Ground 19 of his second amended petition, Doyle claims that his conviction and death sentence are invalid under the federal constitution "because of the cumulative effect of the errors in this case." Second Amended Petition (ECF No. 265), pp. 298-301.

This cumulative error claim is exhausted, and is not barred by the statute of limitations or the procedural default doctrine, to the extent there are other viable claims in Doyle's second amended petition.

This cumulative error claim encompasses all other claims of cumulative error found elsewhere in Doyle's second amended petition – thus, the Court does not treat those other cumulative error claims as distinct claims requiring separate analysis.

The motion to dismiss will be denied with respect to Ground 19.

<u>Motion for Discovery</u>

Doyle filed a motion for discovery (ECF No. 286) with his opposition to the motion to dismiss. Respondents filed an opposition to the motion for discovery (ECF No. 293), and Doyle filed a reply (ECF No. 299).

A habeas petitioner is not entitled to discovery "as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993). However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a) of the Rules Governing § 2254 Cases. There is good cause for discovery "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The ultimate question whether discovery is justified is within the discretion of the Court. *Id.*

Doyle requests leave of court to conduct discovery with respect to Ground 11. However, as is discussed above, Ground 11 is barred by the statute of limitations, and will be dismissed on that ground. The discovery Doyle proposes does not go to the question of the statute of limitations bar; rather, it goes to the merits of the claim. Because Ground 11 is barred by the statute of limitations, and because the discovery sought by Doyle would not affect that conclusion, the discovery would be for naught.

The Court will deny Doyle's motion for discovery. The denial of Doyle's motion for discovery is without prejudice to Doyle filing a new motion for discovery, if factually and legally justified, in conjunction with the briefing of the merits of his remaining claims, as contemplated in the scheduling order entered June 28, 2016 (ECF No. 258).

<u>Motion for Evidentiary Hearing</u>

Doyle also filed a motion for an evidentiary hearing (ECF No. 287). Respondents filed an opposition to that motion (ECF No. 294), and Doyle filed a reply (ECF No. 294).

Evidentiary hearings are authorized in federal habeas corpus actions by Rule 8 of the Rules Governing § 2254 Cases. However, an evidentiary hearing is not required if the issues can be resolved by reference to the state court record. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise."); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). Moreover, "an evidentiary hearing is not required if the claim presents a purely legal question and there are no disputed facts." *Beardslee v. Woodford*, 358 F.3d 560, 585 (9th Cir. 2004); *see also Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir. 1992).

Doyle requests an evidentiary hearing to prove his allegations that there is cause and prejudice with respect to his procedural defaults, under *Martinez* and because of alleged *Brady* violations. *See* Motion for Evidentiary Hearing (ECF No. 287), pp. 3-6. However, in this order the Court declines to reach the question whether there was such cause and prejudice. Those issues will be resolved, as necessary, in conjunction with the Court's consideration of the merits of the subject claims. Therefore, an evidentiary hearing regarding these issues is unnecessary at this time.

Doyle also requests an evidentiary hearing with respect to his contention that he can overcome the procedural default of his claims by a showing of actual innocence under *Schlup*. *See* Motion for Evidentiary Hearing (ECF No. 287), pp. 6-7. As is discussed above, however, the Court determines that Doyle's proffered evidence regarding the Nevada Supreme Court vacating his sexual assault conviction, regarding potential impeachment of certain witnesses, regarding his upbringing, and regarding the Nevada Supreme Court striking one of the aggravating circumstances found by the jury, if viewed in the light most favorable to Doyle, is not such as to show his actual innocence within the meaning of *Schlup*. The Court finds that an evidentiary hearing is unwarranted with regard to these issues.

Nor is an evidentiary hearing warranted with respect to the question of equitable tolling of the statute of limitations. *See* Reply to Opposition to Motion for Evidentiary Hearing (ECF No. 298), pp. 23-27 (asserting this basis for Doyle's request for an evidentiary hearing, for first time, in the reply in support of the motion). The Court resolves that issue based upon uncontested facts that are clear in the record.

The Court will deny Doyle's motion for an evidentiary hearing. The denial of this motion is without prejudice to Doyle filing a new motion for an evidentiary hearing, if factually and legally justified, in conjunction with the briefing of the merits of his remaining claims, as contemplated in the scheduling order entered June 28, 2016 (ECF No. 258).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 277) is **GRANTED IN PART AND DENIED IN PART**. The following claims are dismissed: the ineffective assistance of appellate counsel claim in Ground 1; Grounds 2, 3A, 3B, 3C, 3D, 3F, 3K, 4, 5, 6A1, 6A2, 6A3, 6A4, 6A5, 6A6, 6A7; all of Ground 6A8 except the ineffective assistance of trial counsel claim; and Grounds 7, 8E1, 8E2, 8E3, 9A2, 9A4, 9A5, 9A6, 9B1, 9B2, 9B3, 9B4, 9B5, 9B6, 9B7, 10, 11, 12, 13, 14, 15, 16 and 18.

**IT IS FURTHER ORDERED** that petitioner's Motion for Discovery (ECF No. 286) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion for Evidentiary Hearing (ECF No. 287) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall, within 90 days from the date of this order, file an answer, responding to the remaining claims in petitioner's second amended habeas petition (Ground 1, other than the claim of ineffective assistance of appellate counsel; Grounds 3E, 3G, 3H, 3I, and 3J; the claim of ineffective assistance of trial counsel in Ground 6A8; and Grounds 9A1, 9A3, 17A, 17B and 19).

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered June 28, 2016 (ECF No. 258) shall remain in effect.

DATED THIS 23rd day of May, 2018.

_____
ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE

76