# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTONIO LAVON DOYLE,

    Petitioner,

v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:00-cv-00101-RCJ-WGC

**ORDER DENYING MOTION TO RECONSIDER ORDER (ECF NO. 320)**

In this capital habeas corpus action, on May 23, 2018, the Court ruled on the respondents' motion to dismiss, granting it in part and denying it in part, and dismissed several of Petitioner Antonio Lavon Doyle's claims. *See* Order entered May 23, 2018 (ECF No. 301). A ground for the dismissal of claims was the statute of limitations.

On April 17, 2019, Doyle filed a Motion to Reconsider Order Dismissing Claims as Untimely (ECF No. 320). In that motion, Doyle requests reconsideration of the application of the statute of limitations in the May 23, 2018, order, arguing that the intervening decision of the Ninth Circuit Court of Appeals in of *Williams v. Filson*, 908 F.3d 546 (9th Cir. 2018) (decided November 9, 2018), mandates equitable tolling such as to render his claims timely. Doyle argues in his motion, as he did in his opposition to his motion to dismiss, that the Court's scheduling orders and uncertainty in the law regarding the relation back of amended petitions warrants equitable tolling in his case, and he argues that *Williams* lends new support to that argument and in light of *Williams* the Court should reconsider dismissal of his claims on statute of limitations grounds. Respondents filed an opposition to the motion for reconsideration on May 17, 2019 (ECF No. 326), and Doyle replied on May 24, 2019 (ECF No. 328).

A district court possesses "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 60. However, reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

In the May 23, 2018, order, the Court described the procedural history relative to the application of the statute of limitations to this case, as follows:

> Doyle's judgment of conviction became final on September 22, 1997, which was 90 days after the Nevada Supreme Court denied rehearing on Doyle's direct appeal. *See* Order Denying Rehearing, Exhibit 175 (ECF No. 173-10, p. 92); *see also Clay v. United States*, 537 U.S. 522, 528 n.3 (2003) (conviction final at expiration of 90-day period to seek certiorari following decision of highest state court); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (same).
>
> Doyle timely filed his first state petition for writ of habeas corpus on June 26, 1997, tolling the limitations period before it began to run. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 176 (ECF No. 174, pp. 2-41); *see also* 28 U.S.C. § 2244(d)(2). Doyle's first state habeas action concluded, and the statutory tolling ceased, on April 13, 2000, when the Nevada Supreme Court issued its remittitur after affirming the denial of Doyle's petition. *See* Remittitur, Respondents' Exhibit 5 (ECF No. 209-7). The limitation period for the filing of Doyle's federal habeas petition then began to run.
>
> Doyle submitted his original *pro se* petition (ECF No. 4) for filing, to initiate this case, on February 28, 2000. That petition was unquestionably timely filed.

> There was no statutory tolling of the limitations period by virtue of the pendency of this federal habeas corpus action. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (pendency of federal habeas corpus action does not toll AEDPA limitations period). Therefore, absent equitable tolling, the limitations period ran out on April 14, 2001.
>
> Doyle did not file his first amended petition (ECF No. 168) until May 14, 2008, more than seven years after the limitations period ran out. His second amended petition was filed more than eight years after that, on October 28, 2016 (ECF No. 265). Therefore, unless Doyle can show that equitable tolling is warranted, the question of the timeliness of the claims in his second amended petition turns upon whether the claims in that petition relate back to the filing of his timely original petition.

Order entered May 23, 2018 (ECF No. 301), p. 11. And, with regard to the question of equitable tolling, the Court stated:

> Doyle argues, essentially, that he is entitled to equitable tolling because he relied upon the Court's scheduling orders in determining when to file his amended petition. *See* Opposition to Motion to Dismiss, pp. 4-13. Instructions from a court do not serve as a basis for equitable tolling unless the court "affirmatively misled" the petitioner. *Ford v. Pliler*, 590 F.3d 782, 786-87 (9th Cir. 2009). There is no showing by Doyle that he was affirmatively misled. The Court's scheduling orders granted leave for Doyle to conduct discovery, set time limits for Doyle to do investigation and conduct discovery, and set time limits for Doyle to file his amended petition; those orders certainly were not extraordinary in any way, and they did not make any statement about, or have any bearing on, the operation of the statute of limitations. Doyle has not made any factual allegation, and he has not proffered any evidence, suggesting otherwise.
>
> Moreover, the United States Supreme Court decided *Mayle* [545 U.S. 644 (2005)] on June 23, 2005, holding that an amended habeas petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle*, 545 U.S. at 650. If Doyle and his counsel were under any misconception about whether new claims in an amended petition would relate back to Doyle's original petition, *Mayle* cleared that up. However, despite the import of *Mayle*, Doyle did not file his first amended habeas petition until May 14, 2008, almost three years after *Mayle* clarified the law regarding the relation back of claims in amended habeas petitions.
>
> Doyle has not shown that any extraordinary circumstance prevented timely filing of his first and second amended habeas petitions. *See Holland*, 560 U.S. at 649. Equitable tolling is not warranted.

*Id.* at 13.

Doyle now argues, essentially, that, under *Williams,* he should receive the benefit of equitable tolling because he was misled by the Court's scheduling orders to believe that new claims in his amended habeas petition would automatically be considered to

3

be in compliance with the statute of limitations, so long as the amended petition was filed within the time allowed by the scheduling orders. *See* Motion to Reconsider (ECF No. 32). Doyle's citation of *Williams* in support of his position is unconvincing. In *Williams*, the petitioner filed his amended petition more than five years before the Supreme Court decided *Mayle.* In this case, on the other hand, Doyle did not file his first amended petition until almost three years after *Mayle* was decided. Doyle does not demonstrate that equitable tolling is warranted during the delay from the Supreme Court's decision in *Mayle* – which eliminated any confusion regarding the law governing relation back of amended habeas petitions – and the filing of his first amended habeas petition nearly three years later. The Court will deny Doyle's motion.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 320) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents will have 30 days from the date of this order to file a response to Petitioner's Reply (ECF No. 322), and a response to Petitioner's Motion for Evidentiary Hearing (ECF No. 323).

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered June 28, 2016 (ECF No. 258) will remain in effect.

DATED: This 7th day of October, 2019.

_____
ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE