# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTONIO LAVON DOYLE,

    Petitioner,

v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:00-cv-00101-RCJ-WGC

**ORDER**

In this capital habeas corpus action, on October 22, 2020, the Court denied the petitioner, Antonio Lavon Doyle, habeas corpus relief, and judgment was entered accordingly (ECF Nos. 340, 341). On November 19, 2020, Doyle filed a Motion to Alter or Amend Judgment, pursuant to Federal Rule of Civil Procedure 59(e) (ECF Nos. 342, 344). Respondents filed an opposition to that motion (ECF No. 357), and Doyle filed a reply (ECF No. 358). The Court will deny Doyle's motion.

Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore *et al.*, Moore's Federal Practice § 59.30[4] (3d ed.2000)); *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (same). A Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or

made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.").

In his motion, Doyle does not present any newly discovered evidence, and he does not argue that there has been an intervening change in controlling law. *See* Motion to Alter or Amend Judgment (ECF Nos. 342, 344). Therefore, the question here is whether Doyle makes a showing of clear error or manifest injustice such as to warrant alteration or amendment of the judgment.

Doyle first argues that the Court overlooked his argument, regarding Ground 9 of his second amended habeas petition, that the jury instructions rendered the definition of first-degree murder vague and overbroad, and eliminated the distinction between first- and second-degree murder. *See* Motion to Alter or Amend Judgment (ECF No. 342), pp. 3–6. The Court, however, did not overlook that argument. The Court explicitly ruled:

> … [T]his Court finds meritless Doyle's claim that Instruction No. 6 blurs the distinction between first- and second-degree murder. The jury instructions, read in their entirety, sufficiently distinguished between the two degrees of murder. *See* Jury Instructions, Exh. 154, Instruction Nos. 7–13 (ECF No. 172-10, pp. 9–15).

Order entered October 22, 2020 (ECF No. 340), pp. 55–56.

Second, Doyle argues that this Court should reconsider its ruling, in its order of May 23, 2018 (ECF No. 318), on Respondents' motion to dismiss (ECF No. 301), that Nev. Rev. Stat. § 34.800 (laches) was adequate to support application of the procedural default doctrine. *See* Motion to Alter or Amend Judgment (ECF No. 342), pp. 6–9. The Court has reviewed its ruling in this regard (*see* Order entered May 23, 2018 (ECF No. 318), p. 19), and determines that Doyle does not demonstrate that ruling to be clearly erroneous.

Third, Doyle argues that, in its order on his motion to reconsider the order on Respondents' motion to dismiss, the Court overlooked his argument that the Court should appoint separate counsel to assess whether his counsel's performance presented a ground for equitable tolling. *See* Motion to Alter or Amend Judgment (ECF No. 342), pp. 9–11; *see also* Motion to Reconsider Order (ECF No. 320), pp. 16–18, 21;

2

Order entered October 7, 2019 (ECF No. 331). The Court determines that Doyle has not shown the Court to have committed clear error in this regard. The attorney error alleged by Doyle falls short of the sort of abandonment or professional misconduct that might justify equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649–54 (2010) (discussing attorney error that may warrant equitable tolling); *see also Holland*, 560 U.S. at 659 (Alito, J., concurring) (If petitioner is "abandoned" by his lawyer—such that the lawyer "is not operating as his agent in any meaningful sense of that word"—this may constitute an extraordinary circumstance warranting equitable tolling); *see also Maples v. Thomas*, 565 U.S. 266, 281–83 (2012) (discussing *Holland*). As such, the Court did not err in not appointing separate counsel to pursue this argument for equitable tolling.

Doyle has not made a showing of clear error or manifest injustice such as to justify alteration or amendment of the judgment.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Alter or Amend Judgment (ECF Nos. 342, 344) is **DENIED**.

DATED THIS 8th day of July, 2021.

_____
ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE